## Wytheville.

### KIDD AND OTHERS v. VIRGINIA SAFE DEPOSIT AND TRUST CORPORATION AND OTHERS.

#### June 13, 1912.

1. CRIMINAL CONTEMPT—*Rules of Evidence—Proof Beyond Reasonable Doubt.*—In a proceeding to punish for a criminal, or *quasi* criminal contempt, the rules of evidence applicable in criminal cases prevail, and a mere preponderance of evidence is not sufficient to convict, but the offense charged must be proved beyond a reasonable doubt. Before a party can be summarily punished for a contempt, he must be brought clearly within the terms of the statute.

2. CONTEMPT—*Disobedience of Decree—Persons Not Parties—Ignorance of Decree.*—A person cannot be punished for contempt for disobedience or resistance of a decree appointing a receiver, when he was not a party to the suit, had no knowledge of its existence or of the appointment of the receiver, and where the decree appointing the receiver contained no direction, mandate, or prohibition to or against him.

3. CONTEMPT—*Imprisonment for Debt.*—Imprisonment for debt passed away in this State with the abolition of the *capias ad satisfaciendum* in 1849, and, in a proceeding for contempt, where the contempt is not established, it is error to seek to enforce the return of money improperly paid by an order directing the imprisonment of the defendant if the money be not paid.

Appeal from a decree of the Corporation Court of the city of Alexandria. Defendants appeal from an adverse decree made upon a rule against them.

*Reversed.*

The opinion states the case.

*Coleman, Easley & Coleman,* for the appellants.

*J. K. M. Norton* and *S. G. Brent,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal is from the decree of July 21, 1911, directing appellants, F. L. Kidd and F. H. Kidd, his wife, and R. Lee Camden, who is not a party to this appeal, to restore and pay over to the receivers $2,193.33, with interest from December 29, 1910, and costs.  The decree furthermore provides that, unless said payment be made within thirty days from its date, the parties shall be attached and imprisoned until the same be satisfied, unless sooner released by order of the court or judge.

The suit in which the foregoing decree was entered was instituted by the directors, who were also stockholders, of the Virginia Safe Deposit and Trust Corporation against the corporation, alleging, among other things, that, owing to the illness of the president of the corporation, they were unable to carry on the business, though the assets were ample to meet all obligations, and praying for the appointment of a receiver or receivers; that the assets be collected, and the affairs of the corporation wound up under the orders of the court.  The chief office of the corporation was in the city of Alexandria, but there were numerous branches in numerous parts of the State (one at Lovingston, Nelson county), where deposits of money were received, and the corporation conducted business as a banking and bonding company.

On December 28, 1910, the court passed a decree appointing John S. Barbour and J. K. M. Norton receivers to take charge of the assets; and all officers, agents, and employees of the corporation and its branches were ordered to turn over to the receivers all property of the corporation in their possession or under their control.

The right of the plaintiffs to maintain this suit is strenuously controverted by the appellants, but in our view of the situation ti is unnecessary to express any opinion on that branch of the case.

On June 10, 1911, the receivers filed a report, reciting that they had recently ascertained that after their appointment, and with full knowledge thereof by R. Lee Camden, manager of the Lovingston branch, and by appellants, he had paid to E. L. Kidd, as agent for his wife, F. H. Kidd, on two certificates of deposit, $2,193.33. This report was made the ground for a proceeding against these parties for contempt.  Rules were accordingly awarded against

them, answers filed, and evidence taken, upon which the decree under review was entered.

The object of this proceeding is to punish the appellants for an alleged contempt, and it is criminal or *quasi* criminal in its nature, and the rules of evidence applicable in criminal cases prevail. Mere preponderance of evidence is not sufficient to convict, but the offense charged must be proved beyond a reasonable doubt. See note to *Wells* v. *Commonwealth*, 21 Gratt. [62 Va. (Va. Rep. Ann.)], 893. So that the parties must be brought clearly within the terms of the statute (Va. Code, 1904, sec. 3768) before they can be punished summarily for contempt.

Tested by the foregoing standard, the salient facts are these: On December 29, 1910, Camden received a telegram, signed C. J. Rixey, president, and J. K. M. Norton and John S. Barbour, receivers, (repeated over the telephone from the railway station,) advising him that receivers had been appointed for the parent bank the previous evening, and instructing him to close the doors of his branch, to receive no further deposits, and to transmit all funds on hand to the receivers. E. L. Kidd caught two words of the telephone message to Camden—namely, "Barbour, receiver." These, he testifies, had no significance to him, yet he afterwards overheard a conversation between Camden and Roberts with reference to the payment of two small checks, which arrested his attention, and led him to suspect that something was wrong with the bank, but there was nothing in the conversation to induce the belief that suit had been brought or receivers appointed. He then sought Camden, who told him he thought the bank was in trouble. Kidd immediately asked the manager if he had money enough to cash his wife's certificates, and would pay them. Receiving an affirmative reply to both questions, he went to his house, and, without mentioning the subject to his wife, got the certificates, returned to the bank, which was still open, and collected his wife's money. No promise was exacted, and none given to refund this money. With respect to Mrs. Kidd, she neither knew nor had any reason to suspect that the bank was in trouble at the time her certificates were paid. At that time the record presents this situation: The appellants were not parties to the suit, and had no knowledge of its existence, or the appointment of the receivers;

and the decree appointing the receivers contained no direction, mandate, or prohibition to or against them, or either of them. The appellants, therefore, were not guilty of disobedience or resistance of the decree of the court.

In 9 Cyc. 12 it is said: "In order to punish a person for contempt of court for violation of an order, judgment, or decree, it must appear that such order, judgment, or decree has been personally served on the one charged, or that he has had actual notice of the making of such order or rendition of such judgment or decree." 7 Am. & Eng. Ency. of Law (2d ed.), pp. 54–55; *Pettibone* v. *U. S.*, 148 U. S. 197, 37 L. Ed. 419, 13 Sup. Ct. 542.

In *Taliaferro* v. *Horde*, 1 Rand. (22 Va.) 242, it was held: "An attachment for contempt in disobedience of a decree   *   *   * will only lie for what is decreed, and not for what may be decreed."

We are of opinion that the evidence was not sufficient to find the appellants guilty of the contempt with which they were charged, and, inasmuch as imprisonment for debt passed from our statute books with the abolition of the writ of *capias ad satisfaciendum* in 1849 (Va. Code, 1849, sec. 2, p. 716), it was error to require them in this proceeding to refund the money in controversy.

The revisors, in referring to the measures to be substituted for the writ of *ca. sa.*, express the opinion that the rights of creditors will be better protected, "at the same time that we get rid of the system of imprisonment for debt, which is regarded by so many as inconsistent with the liberal and enlightened spirit of the age." Report of Revisors, p. 843.

Our conclusion upon this branch of the case is that the decree of July 21, 1911, so far as it affects the appellants, is erroneous, and must be reversed, and the contempt proceeding as to them dismissed.

*Reversed.*