H. WILLIAM LARGENT *v.* J. F. BOUCHELLE, *Judge*

(No. 8799)

Submitted June 7, 1938.   Decided June 28, 1938.

*Jas. R. Moreland*, for petitioner.

*Wm. S. John* and *D. O. Blagg*, for respondent.

FOX, JUDGE:

The petitioner, H. William Largent, invokes the original jurisdiction of this court in prohibition against the judge of the circuit court of Kanawha County, to prohibit a hearing by said court on a rule for contempt against him; and also to prohibit further proceedings in the cause in which contempt was alleged to have been committed on account of alleged lack of jurisdiction.

In the year 1934 the State of West Virginia instituted in the circuit court of Kanawha County, under the provisions of Code, 11-12-77, a suit in equity against A. & H. Stores Company, West Virginia Reinvestment Company and other corporations for failure to pay charter license tax.   We are concerned in this case only with the

West Virginia Reinvestment Company. On July 16, 1934, a decree was entered in said cause against the Reinvestment Company for $205.20, and W. T. Lively was appointed special receiver of this and other domestic corporations "for the purpose of converting the property and assets of every character * * * into cash, for the purpose of paying off the debt of each to the said State of West Virginia hereinbefore set out and described, and the debts and liabilities of whatever kind and character of said corporations, and to distribute the remainder thereof among the stockholders of said corporations, pro rata as their several interests may appear; * * * ." The said special receiver was also directed to take into his possession and control all of the property of said corporation, collect all debts and demands due, or which might thereafter become due, and bring all proper suits necessary to collect the same. It was then provided that the said special receiver should take no further action under said decree other than to possess himself of the property and assets of the corporation, until further order of the court. He was also directed to file a report of all his actions under said decree, and was then authorized to convert into cash by public or private sale the property and assets of the said corporation, subject to confirmation by said court. These provisions of the decree are set out to illustrate the extent of the power vested in the special receiver.

No further proceedings were had in the cause until the 18th of October, 1937, at which time certain stockholders of the Reinvestment Company presented their petition therein, requesting that the said special receiver assume active control of the property and assets of the corporation; and an order was entered on that date directing the said special receiver to take active control and management of the property of the said corporation, to the end that the interests of said petitioners might be protected and particularly the interests of the state in the collection of its corporate license tax. In the order entered on this date, it appears that at September Rules,

1937, there had been instituted in the circuit court of Monongalia County a suit of the Reinvestment Company against various of its stockholders and creditors, the general purpose of which was to marshal the assets of the said Company, determine its liability to creditors, and enforce liability against former directors for alleged mismanagement, and that the said cause was transferred to the circuit court of Preston County. On November 16, 1937, the Reinvestment Company appeared in the cause and tendered to the special receiver the full amount of the money due the state under the decree of July 16, 1934, and moved that the order of October 18, 1937, be set aside and the cause dismissed as to it, which motion the court took time to consider. Subsequently, the Reinvestment Company, on the basis of said tender, asked this court to prohibit the circuit court of Kanawha County from further proceeding in said cause as to it, and prayed for a writ of prohibition against said court, which, upon consideration by this court, was refused on December 13, 1937.

On January 20, 1938, the Reinvestment Company having paid to said special receiver the sum of $325.20 due the state under the decree of July 16, 1934, and its proportionate share of the costs of the proceeding, the said special receiver was directed by the court to accept said sum and to receipt the said corporation therefor, and it was released from said decree, the cause dismissed satisfied as to it, and the said special receiver discharged as to said company. The petition of the stockholders and creditors on which the order of October 18, 1937, was entered was dismissed. It is stated therein that this decree was entered upon agreement of counsel that the suit pending in the circuit court of Preston County should be dismissed, and the same was dismissed on the 25th of January, 1938. On the same day, and at the same term of the court in which it was entered, the decree of January 20, 1938, was set aside "for reasons appearing to the court and for good cause shown", and it was ordered that the cause be restored to the docket for further pro-

ceeding. By this decree the special receiver was again directed to "proceed forthwith to take possession, management and control of all the property and assets" of the Reinvestment Company of whatever character and wheresoever situated; and he was directed to collect any and all sums of money and property owing said corporation and was given the power to institute all necessary suits and actions to recover and reduce to possession any sums due and owing the said company.

Following this decree, the court on the 9th day of February, 1938, entered a decree for the sale of the property and assets of the said corporation, and acting thereunder, a sale of said assets was made by the special receiver and confirmed by decree entered on the 8th day of April, 1938.

It appears that in the year 1937, certain property of the Reinvestment Company was sold, and of the proceeds of such sale the sum of $500.00 was paid to George R. Farmer and H. William Largent, trustees, to be held by them for the benefit of said company, to be used in the payment of certain taxes on the property sold; that after the payment of such taxes, a balance of $244.93 remained in the hands of the said trustees; and that the same is on deposit in a bank of the City of Morgantown. Farmer appears to have signed a check payable to the Reinvestment Company for the amount of said deposit, but being a joint account and Largent refusing to sign the check, the fund had not been paid over to said company. Late in 1937, H. William Largent and an associate, Richard B. Tibbs, filed in Monongalia County what is termed a laborer's lien for professional services rendered by them as attorneys and otherwise for the said Reinvestment Company, and on January 24, 1938, within a few days before their right to sue for the enforcement of their alleged lien would expire, instituted a suit in the circuit court of Monongalia County against the said Reinvestment Company for the purpose of enforcing the same. Apparently, the institution of this suit prompted the motion to set aside the order of dismissal in the circuit

court of Kanawha County. That court took note of this and other liens asserted against the property of the Reinvestment Company in the decrees providing for the sale of property of said company and confirmation of the same, and attempted to transfer to the fund derived from such sale any liens which might have been established against the property sold. It will be noted that the said H. William Largent was not a party to either the suit pending in the circuit court of Kanawha County, or that transferred to the circuit court of Preston County, and that all orders entered in either of said causes were as to him *ex parte.*

On May 14, 1938, a rule in contempt issued out of the circuit court of Kanawha County against H. William Largent, requiring him to appear before said court on May 28, 1938, to show cause why he should not be fined and attached for his contempt in "failing to pay, turn over and deliver to William T. Lively, special receiver of the West Virginia Reinvestment Company under certain orders and decrees of record in this court in the chancery cause (No. 12233) of State of West Virginia vs. A. & H. Stores Company, West Virginia Reinvestment Company and others, a certain balance of $244.93 in the hands of himself and George R. Farmer, trustees, of the sum of $500.00, in the matter of the sale of certain residence property by said West Virginia Reinvestment Company to S. S. Lynch; as well as certain filing cabinet, records and other assets of the said company, and to which the said special receiver is or may be entitled under the said decrees * * * ." This is the only paper in the record in which the alleged contempt is charged in any manner whatever. Upon the service of the said rule the petitioner instituted this proceeding. Demurrer and answer were filed on the part of the Reinvestment Company, accompanied by exhibits and two affidavits made subsequent to the issuance of the rule, and an answer by the special receiver; to each of which answers a demurrer was interposed by the petitioner, and the case was submitted thereon for decision.

It should be noted here that answers to the petition set up matters with which we are not presently concerned. It is averred that the claim of the said Largent against the Reinvestment Company was not a valid one; and that if he has a claim for services they were professional in their nature and cannot be made the basis of a laborer's lien. We think these questions have no proper place in this proceeding and they will not be considered. The right of Largent to assert his claim under his alleged laborer's lien cannot be disputed, and is, in effect, admitted by the decrees which transfer any rights he may have under such lien to the fund derived from the sale of the assets of the Reinvestment Company.

The two questions which are presented herein are: (1) Did the payment by the Reinvestment Company to the state of the full amount due it on account of license tax and costs operate to divest the circuit court of Kanawha County of jurisdiction as to said company? And, (2) If it did not so operate, did the court exceed its jurisdiction in awarding the rule in contempt?

On the first proposition the court is not in agreement. One view is that, notwithstanding the provisions of Code, 11-12-77, which conferred upon the circuit court of Kanawha County power to "make such orders and decrees as it shall deem necessary and proper for a court of equity; and may appoint a receiver for any such corporation and order its assets marshalled and distributed among its creditors," the payment by any delinquent corporation of the full amount due the state, including costs, prior to the date when any steps have been taken in the suit to marshal and distribute its assets, operates to divest the court of further jurisdiction as to the corporation making such payment; and that the entry of a decree of dismissal is not in itself necessary, although, of course, an order or decree showing payment should be entered as evidence thereof; that while it is conceded that the circuit court had a right, during the same term, under its inherent power, to set aside an order entered by it, the setting aside of the dismissal order did not

change the fact that the payment was made, and, under the circumstances, jurisdiction ended. The other and prevailing view is that the circuit court of Kanawha County, having jurisdiction of the said cause for all of the purposes mentioned in Code, 11-12-77, the mere payment by the delinquent corporation to the state of the sum due from it to the state did not alone divest the court of its jurisdiction; that the order of January 20, 1938, dismissing the cause having been set aside at the same term, was, in effect, no order of dismissal; that the court still retained its original jurisdiction for all purposes, and had power to deal fully with the property of the delinquent corporation and, in a proper case, enforce its orders and decrees through the processes of a contempt proceeding. This being the view of a majority of the court, its result is to deny the writ prayed for, in so far as it seeks to prohibit said court from proceeding further in said cause of the State as against the West Virginia Reinvestment Company, and from disposing of its assets by sale or otherwise.

The remaining question is whether or not the circuit court had jurisdiction to award the rule in contempt against the petitioner, Largent. As stated above, Largent is not a party to the proceeding out of which the rule in contempt issued. The record does not show he was ever at any time directed to pay over to the special receiver the sum of money in the joint possession of himself and George R. Farmer, or that he was directed to deliver to him the possession of the tangible personal property mentioned in the rule. The direction to the special receiver to take into possession and convert into cash the assets of the delinquent corporation is general in its terms, and makes no reference to the said Largent or to any particular claim or property. Any orders entered in the cause, directing or empowering the special receiver to collect assets are, as to Largent, *ex parte,* and without binding force as to him. Knowledge of such orders on the part of Largent is not, in our opinion, sufficient, notwithstanding *Kidd* v. *Virginia Deposit Com-*

*pany,* 113 Va. 612, 75 S. E. 145, wherein, by inference, knowledge of the existence of a decree was held to justify proceeding in contempt for its violation. Even under this case, a decree affecting a particular party would seem to be required. In *White* v. *County Court,* 99 W. Va. 504, 129 S. E. 401, this court held that a county court, which, under the statute, has power to punish for contempt, "has no jurisdiction to punish as for contempt one who has not complied with an *ex parte* order requiring all persons who may have placed obstructions in a county road to forthwith remove the same; and prohibition will lie to prevent such punishment." By analogy, an order of the court to all creditors of the Reinvestment Company to pay to the special receiver the amounts due the company would not be the basis for a proceeding in contempt against such creditors. It may be admitted, however, that under the circumstances of this case, the fund in question being in existence as a trust fund, if the said Largent had been brought into the court under proper proceeding and notice, and upon hearing, a decree had been entered directing him to pay over this sum of money to the special receiver, his failure to do so would have been contempt of court.

Courts of general jurisdiction have broad powers to punish for contempt. These powers are necessary in order that their decrees may not be disobeyed or ignored; but such powers have never been extended to punishment of those not parties to the litigation and who have not had their day in court. Rights of litigants, especially those affecting recovery of money, cannot be tried in a contempt proceeding, but should be tried under the orderly procedure which governs courts of law and chancery upon proper pleadings and hearing. Of course, when a court, on such pleadings and hearing, enters a decree directing a particular thing to be done, such as payment of alimony; or where an injunction is awarded; or where a fund in the hands of a person is directed to be applied in a certain manner; the right of the court to enforce its decrees and orders by contempt proceed-

ings is clear. This case is not one of that character. The fund, payment of which is sought to be enforced through contempt proceedings, is in existence, but the petitioner disputes the right of the Reinvestment Company and its receiver to require him to turn over this fund because, as he contends, the corporation itself is indebted to him. Whether his contention is one that can be maintained is not involved in this proceeding, but it is a contention that will have to be decided under the rules which ordinarily govern cases of this character. Under the powers conferred upon the special receiver, he had a right to institute a suit for the recovery of both the sum of money involved and the tangible personal property, or, by amendment to the pending suit, Largent might have been brought into court and the right to the said fund there determined. In our opinion, the use of the process of contempt was not justified, and prohibition against further proceeding under the rule will be awarded.

We therefore award the writ of prohibition, prayed for in the petition, so far as the same relates to further proceedings under the rule in contempt considered above, and will prohibit the circuit court of Kanawha County from further proceeding thereunder; but that part of the prayer of the petition which asks that said court be prohibited from further proceeding in the said chancery cause is denied and the writ refused.

*Writ awarded in part; refused in part.*