# Richmond

RICHARD CARR BRYANT V. COMMONWEALTH OF VIRGINIA.

June 18, 1956.

Record No. 4533.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Hudson Branham* and *Daniel F. Terry*, for the plaintiff in error.

*Thomas M. Miller, Assistant Attorney General, (J. Lindsay Almond, Jr., Attorney General,* on brief), for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

The appellant, Richard Carr Bryant, complains of an order of the trial court adjudging him guilty of contempt, and imposing on him a sentence of twelve months in jail.

It is stipulated by the appellant and the Commonwealth that the incidents leading to the judgment complained of are these:

On September 20, 1954, appellant's wife, Rose Marie Bryant, upon her plea of guilty, was convicted, in the Circuit Court of Hanover County, of housebreaking. The court, before fixing punishment or imposing sentence, directed its probation officer to thoroughly investigate and report upon any and all facts relating to the case.

On November 16, 1954, the probation officer presented his written report to the court in open session, in the presence of Mrs. Bryant. The court, taking into consideration the evidence in the case, the report of the probation officer, and the request of the appellant that Mrs. Bryant be placed on probation, suspended the imposition of sentence and placed her in charge of a probation officer for a period of twenty years from that date. Relying upon the promise of the appellant to use his best efforts to have Mrs. Bryant obey the terms of her probation, the court verbally ordered and directed the appellant to assist in the probation of his wife.

On April 21, 1955, the trial court issued a rule against appellant to show cause why he should not be held in contempt of court for "failing to assist" his wife in obeying the terms of her probation. On the same day a *capias* was issued against Mrs. Bryant to show cause why she should not be held in contempt for violation of the terms of probation. Both proceedings were heard together on May 16, 1955, at which time the following testimony was presented:

Mrs. Bryant testified that her husband had not supported her since November 16, 1954, and had bought her only one dress during that period, which he destroyed one night after an argument; that she and the probation officer had learned that he was running around with another woman; and that on one occasion they had seen a woman sitting on the bed in a room occupied by him, and did not see him, but because they were denied admittance, they "believed" that Bryant was hiding on the premises; that he would stay away nights, and often she did not know where he was; that Bryant "had suggested to her that he would procure men for her for prostitution purposes, as he knew a lot of sailors and would get sailors or soldiers for the purpose, charging each $5.00 or $10.00;" and that her husband had told her he was tired of supporting her and "had made the prostitution suggestion as a means for her to support herself."

W. R. Thayer, II, Probation Officer, testified that Mrs. Bryant had told him that her husband had "suggested" that he procure men for

her for prostitution purposes. He further said that appellant had reported to him on several occasions the absence of his wife from their home, and that Mrs. Bryant had admitted to him that she had committed adultery with one, Thurman Williams. Thurman Williams had also been convicted on September 20, 1954, along with Mrs. Bryant for housebreaking, in the Circuit Court of Hanover County. On November 16, 1954, he was also placed on probation to "stay away from and have no conversation or correspondence with" Mrs. Bryant. On the day of the hearing, May 16, 1955, he was sentenced to five years in the penitentiary after he had been found guilty of violating the terms of his probation. Bryant, in answer to a question from the court, admitted that he made the statement with reference to prostitution, as alleged by his wife; but explained that he "did not mean it the way it sounded," and that it was made in anger because his wife had been absent for several days.

After hearing the evidence, the trial court entered an order adjudging the appellant guilty of contempt "in interfering with the probation of his wife," and imposed on him a sentence of twelve months in jail. At the same time, the court ordered that Mrs. Bryant "continue on probation under the terms and conditions of the order of November 16, 1954."

It was further stipulated that appellant was not represented by counsel on May 16, 1955, and that the trial court refused the motion to set aside and vacate the judgment of contempt against him, stating that appellant was not guilty of contempt because he failed to supervise the probation of Rose Marie Bryant; but because he had suggested that his wife commit prostitution, and "that under Sub-section 5 Section 18-255, Code of Virginia, 1950, this was contempt of Court since adultery was a crime in Virginia and that defendant's act interfered with the probation of Rose Marie Bryant."

Appellant contends that his conviction for contempt is void because the trial court was without authority or jurisdiction to order him to assist in the probation of his wife, and that, moreover, the judgment is contrary to the law and the evidence, and without any evidence to support it.

The Commonwealth, on the other hand, argues that the trial court had ample authority to order the defendant to assist in the probation of his wife, and that his suggestion that she engage in prostitution was such a personal interference with the order of the court as to render him liable for contempt.

In this State the power to suspend the imposition or execution of sentences and the appointment and duties of probation officers are regulated by statute. Code, 1950, §§ 53-266 to 53-280. Code § 53-266 provides for the appointment of probation officers; § 53-272 for the suspension of the execution or the imposition of sentences and for the probation of a defendant under the supervision of a probation officer; § 53-275 for the revocation of such suspension and probation; and §§ 53-278 and 53-278.1 for the duties and powers of probation officers. No provision is made for probation of a defendant under the supervision of any person except a probation officer.

It is clear that the court was without power or jurisdiction to order appellant to supervise and assist in the probation of his wife. The order transcended its authority. The only authority it had to place Mrs. Bryant under the supervision of any person is conferred by the Code sections above referred to. The probation of defendants in criminal cases can be directed and exercised only under the supervision of probation officers, duly appointed and qualified.

The Commonwealth, in support of its contention that the court had authority to enter the contempt order, relies upon *Robertson* v. *Commonwealth*, 181 Va. 520, 536, 25 S. E. 2d 352 and *Nicholas* v. *Commonwealth*, 186 Va. 315, 42 S. E. 2d 306. In each of those cases, the authority of a court of general jurisdiction was invoked. The court had jurisdiction of the parties and of the subject matter of the proceeding, and the legal authority to make the order. The orders entered were of the kind usually entered by such courts, in the exercise of their inherent power. The principles applied in those cases are not applicable here because the court was acting under specifically limited powers both with respect to probation, Code, 1950, § 53-266 *et seq.*, and to contempt, § 18-255(5).

We are of opinion, for the reasons heretofore stated, that the verbal order directing the husband to assist in the probation of his wife was wholly void rather than merely erroneous. A void order has no legal or binding force or effect, and all proceedings based upon it are invalid. *Buchanan* v. *Buchanan*, 170 Va. 458, 197 S. E. 426, 116 A. L. R. 688; *Ferry Co.* v. *Commonwealth*, 196 Va. 428, 83 S. E. 2d 782. Hence appellant could not be held guilty of contempt for failing to obey the order of court that he assist in the probation of his wife, if in fact he did so fail.

In *Robertson* v. *Commonwealth*, *supra*, Mr. Justice Eggleston clearly and cogently stated the difference between a judgment which

is·void and one which is merely erroneous. See also *Ferry Co.* v. *Commonwealth, supra.*

█ Moreover, we are of opinion that the evidence was insufficient to justify a conviction for contempt under Code § 18-255(5).

It is true that the power of a court to punish for contempt is inherent in the nature and constitution of the court. However, this proceeding was, as stated by the trial court, under Code § 18-255(5), and the authority of the court must be found in that section. The pertinent part of the section reads as follows:

"§ 18-255. Cases in which courts and judges may punish summarily for contempt.—The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:

  &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

"(5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court."

This proceeding is criminal or *quasi*-criminal in its nature. Therefore, a mere preponderance of evidence is not sufficient to convict, but the offense charged must be proved beyond reasonable doubt. *Kidd* v. *Virginia Deposit Co.*, 113 Va. 612, 614, 75 S. E. 145; *Nicholas* v. *Commonwealth, supra*, 186 Va. 315, 322, 42 S. E. 2d 306; *Local 333B, United Marine Div.* v. *Com.*, 193 Va. 773, 779, 71 S. E. 2d 159. A person charged with a criminal contempt is entitled to the benefit of the usual presumption of innocence. *Calamos* v. *Commonwealth*, 184 Va. 397, 404, 35 S. E. 2d 397; and *Weston* v. *Commonwealth*, 195 Va. 175, 184, 77 S. E. 2d 405.

The appellant disclaimed any intent to be contumacious of the court. He said that he spoke in anger, because of the conduct of his wife and he did not mean the words he used the way they sounded. The evidence of the probation officer shows that Mrs. Bryant had already violated the terms of her probation when her husband's suggestion was made. It may well be that disgust and anger over the admitted misconduct of his wife provoked him to use the highly improper language. At any rate, it appears that his suggestion was not effectuated by any action of compliance on his or her part. The suggestion was not equal to inducement. It did not reach far enough to constitute an attempt to commit a contempt.

We do not think that the admitted facts show, beyond a reasonable

doubt, that appellant intentionally endeavored to induce his wife to violate the terms of her probation. What he said was detestable and utterly unworthy of a decent man. Yet in determining whether the language was directed against the dignity and authority of the court, acting judicially, regard must be had not only to the words used, but to the surrounding circumstances, the connection in which they were used, the tone, the look, and the emphasis thereon. Appellant's statement was not shown to have been directed against the dignity and authority of the court, nor did it tend to bring the trial judge or his court into disrepute or disrespect, nor reach far enough to interfere with the administration of justice.

It follows from what we have said that the trial court erred in finding the defendant guilty of a summary contempt under the statute involved. The judgment complained of is reversed and the rule against the appellant is dismissed.

*Reversed and dismissed.*