**Charlie Robert LEE**

v.

**Stephen J. BAROSKI, Probation and Parole Officer Carlton Terrace Building.**

**Civ. A. No. 75–0173.**

United States District Court,
W. D. Virginia.

Nov. 21, 1975.

Charlie Robert Lee, pro se.

Linwood T. Wells, Asst. Atty. Gen., Richmond, Va., for respondent.

---

## ORDER AND OPINION

DALTON, District Judge.

■■ Charles Robert Lee, an inmate at Bland Correctional Center, Bland, Virginia, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against his state probation officer, Stephen J. Baroski. The action is founded on defendant's alleged failure to perform his statutory duties of supervision and assistance to probationers in his territory. In particular, defendant allegedly failed to investigate Lee's repeated assertions that officials of the Salem Veterans Administration Hospital Behavior Modification Program refused to issue him periodic passes to leave the hospital. Such refusal violated Lee's probation conditions. As a result of such neglect by defendant, Lee took an unauthorized leave from the hospital, thereby breaking conditions of his probation, which was subsequently revoked. Defendant has moved to dismiss the action on the basis that there is no constitutional right to probation supervision. The Court is of the opinion defendant is correct. Therefore, the Motion to Dismiss is granted for reasons set forth below.

Since the Court is only deciding whether the complaint states a cause of action, the truth of plaintiff's allegations must be assumed. *McCray v. Maryland,* 456 F.2d 1 (4th Cir., 1972). The question of whether defendant is immune from suit is not before the Court since no cause of action is stated.

**1396**

■■ The Court has considered and rejected three bases upon which Lee might rest his allegations. The first is that a violation of state law by a state official constitutes a violation of plaintiff's constitutional rights. The violation in question is a probation officer's statutory duty to supervise and assist probationers in his territory. *Va.Code Ann.* § 53–250(2) (Supp. to Repl.Vol. 1974). It has been consistently held that federal relief under 42 U.S.C. § 1983 cannot be premised solely on a violation by state officials of state statutes benefiting a plaintiff. *Dorsey v. N.A.A.C.P.,* 408 F.2d 1022 (5th Cir., 1969), *cert. denied,* 396 U.S. 847, 90 S.Ct. 58, 24 L. Ed.2d 97 (1969); *Sigler v. Lowrie,* 404 F.2d 659 (8th Cir., 1968), *cert. denied,* 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969); *Association for Preservation of Freedom of Choice v. Simon,* 299 F.2d 212 (2nd Cir., 1962); *Ortega v. Ragen,* 216 F.2d 561 (7th Cir., 1954), *cert. denied,* 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955); *Charters v. Shaffer,* 181 F.2d 764 (3rd Cir., 1950). Plaintiff's remedy, if his allegations are true, lies in the state courts by means of an action against his probation officer for gross negligence.

■ Plaintiff might base his action on a denial of his access to the courts, a right protected by the Due Process Clause of the Fourteenth Amendment. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). It is clear that a probation officer is an officer of the court exercising a quasi-judicial function.

The [Probation] law clearly contemplates, and the situation necessarily requires, that when probation is granted there must be close supervision of the probationer, and systematic reports submitted to the court.

*U. S. v. Nix,* 8 F.2d 759, 760 (D.C.S.D. Cal., 1925).

One on probation is not at large, nor at liberty, except within the circumscribed limits permitted by his probation. He is in law and in fact in the custody and under the control of the court of his probation.

*Dillingham v. U. S.,* 76 F.2d 35, 36 (5th Cir., 1935).

The probation of defendants in criminal cases can be directed and exercised only under the supervision of probation officers, duly appointed and qualified.

*Bryant v. Commonwealth,* 198 Va. 148, 93 S.E.2d 130, 132 (1956). But it does not necessarily follow that by his failure to act on complaints by a probationer a probation officer is denying access to the courts. It is certainly desirable that the probation officer be available on an informal basis to clear up any misunderstandings regarding conditions of probation. Indeed the probation officer is the likely individual the probationer would turn to in the event of a problem regarding his probation. But the court of sentencing is always available to clear up any case of noncompliance with its probation order—by means of a contempt citation if necessary. The probation officer's failure to aid plaintiff by no means blocks access to the court; it only causes that access to become more attractive and necessary.

■ Plaintiff's third possible basis for his action might be analogous to the common law tort of false imprisonment. This tort might rise to one of constitutional magnitude if one examines whether such action might constitute a deprivation of a person's "liberty" under the Fourteenth Amendment. But two problems arise in this regard. Defendant did not falsely imprison Plaintiff or deprive him of his liberty; the officials at the Veterans Administration Hospital in charge of the Behavior Modification Program allegedly refused to grant him passes. However, if those hospital officials were substituted for defendant in this action federal relief under 42 U.S.C. § 1983 would still not lie because any deprivations which those officials caused were not "under color of state law." If a federal action lies against the hospital

officials it is not pursuant to 42 U.S.C. § 1983.

For the foregoing reasons the Court is of the opinion that the complaint should be dismissed without prejudice for failure to state a constitutional claim against the named defendant. Plaintiff may pursue any state or other federal remedies in connection with these facts. Plaintiff is advised that he may appeal this order to the Fourth Circuit Court of Appeals within thirty (30) days of the date of this Order.

The Clerk is hereby ordered to remove this case from the docket and furnish copies of this order to plaintiff and counsel for defendants.