## CIRCUIT COURT OF THE CITY OF RICHMOND

Rhonda Emineth

v.

Pereuna Johnson
and Andrew Winston

September 15, 1988

Case No. LL-1410-3

By JUDGE T. J. MARKOW

This court has taken under advisement motions for summary judgment submitted on behalf of Pereuna Johnson and Andrew Winston. For the following reasons, the court concludes that no material issues of fact concerning this lawsuit are genuinely in dispute and that, as a matter of law, both defendants are entitled to summary judgment.

In her amended motion for judgment, plaintiff alleges that on or about January 19, 1986, she was transferred from the Henrico County Jail in Henrico County, Virginia, to the City of Richmond Jail. This transfer was effected pursuant to an "arrest authority" issued on January 9, 1986, by defendant Pereuna Johnson, who was a probation officer for Capital District I of the Virginia Department of Corrections and plaintiff's probation supervisor. Emineth's incarceration in Henrico had been ordered by the Henrico County General District Court upon her conviction for petit larceny.

Plaintiff alleges that from January 29, 1986, until April 7, 1986, she made repeated requests of Richmond City Jail deputies and of Johnson to inform her of the charges pending against her and to arrange for her to be brought before a judge or magistrate. It is alleged

that during this period of time defendants Johnson and Winston improperly caused Emineth to remain incarcerated without probable cause or excuse. Count I is an allegation of false imprisonment. In Count IV, not applicable to probation officer Johnson, plaintiff alleges that defendant Winston knew or should have known that Emineth should have been released from confinement or brought before a court on January 19, 1986. Plaintiff further alleges that defendant Winston failed to supervise Richmond city deputies and failed to implement policies which would have or could have prevented the alleged violation of plaintiff's constitutional rights. In Count II plaintiff concludes that the alleged actions or inactions of defendants Winston and Johnson resulted in a deprivation of her rights secured to her under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. She seeks redress under 42 U.S.C. § 1983.

Count III of the amended motion for judgment alleges the intentional infliction of emotional distress by defendants Johnson and Winston.

I. *No Fourth Amendment Claim is Implicated by Plaintiff's Motion for Judgment.*

Plaintiff's alleged constitutional claims cannot prevail against these defendants. The Fourth Amendment to the United States Constitution is not implicated in this lawsuit for several reasons.

In 1982, plaintiff was convicted of forgery in Escambia County, Florida, after which her five-year probation was transferred to the Commonwealth of Virginia under the direction of defendant Johnson.

In November, 1985, plaintiff's arrest by the Henrico County police on charges of grand larceny and her subsequent conviction for this offense in January of 1986 constituted a violation of her conditions of release on probation as set forth by the Escambia County, Florida, Circuit Court. In response to this, Johnson issued a PB 15 warrant, which was served upon Emineth on January 11, 1986, while she was incarcerated in the Henrico County Jail. On or about January 29, 1986, plaintiff was transferred from the Henrico County Jail to the Richmond City Jail.

It is clear from the foregoing that when plaintiff was transferred to the Richmond City Jail she had already been arrested on the Parole and Probation Warrant and was already in custody. Therefore, at the time plaintiff was placed in the Richmond City Jail, she was not an arrestee within the meaning of the Fourth Amendment. *See Justice v. Dennis*, 573 F.2d 493 (4th Cir. 1986). *See also Kidd v. O'Neil*, 774 F.2d 1252, 1258 (4th Cir. 1985) (holding that the Fourth Amendment only applies to those individuals being taken into custody).

Plaintiff, in fact, had never been released from custody when she was transferred to the Richmond City Jail. Even if the court were to find Fourth Amendment guarantees applicable to this set of circumstances, plaintiff does not and could not successfully challenge the probable cause for her arrest under the Parole and Probation Warrant, since her subsequent conviction conclusively established probable cause for her violation of probation. Plaintiff, in essence, challenges the alleged lack of due process given her to challenge the probable cause for her arrest under the Parole and Probation Warrant. Thus, if plaintiff's claims against defendants are to prevail, they must be brought under a theory of a deprivation of her Fourteenth Amendment due process rights, not the Fourth Amendment.

II. *Plaintiff's Fourteenth Amendment Procedural Due Process Claim Against Defendants Must be Dismissed.*

Simple negligence on the part of a state actor is not actionable under the Fourteenth Amendment Due Process Clause. *Daniel v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986). Inasmuch as plaintiff's motion for judgment can be construed as alleging a negligent deprivation of her liberty interests without due process of law by Johnson or Winston, summary judgment is appropriate. Inasmuch as plaintiff's claim can be construed as alleging an intentional deprivation of a constitutionally protected liberty interest without due process of law by the alleged actions of Winston and Johnson, summary judgment in favor of both defendants is appropriate as well, since there has been no violation of a constitutional right by either defendant.

Whatever process was due Ms. Emineth could be found in § 53.1-167.1 which governs out-of-state supervision over both probationers and parolees and which provides that "a preliminary hearing at or near the site of the alleged violation *may* be held in accordance with this article." Section 53.1-168. Given the precatory nature of this language and the holding of *Howie v. Commonwealth*, 222 Va. 625, at 631, 283 S.E.2d 197 at 200 (1981), plaintiff cannot rely on a right to a preliminary hearing under these circumstances. Moreover, Emineth affirmatively waived any preliminary hearing. Plaintiff's admissions establish that she had been convicted of a subsequent crime, was automatically in violation of her probation, and was not entitled by law to a preliminary hearing to determine probable cause for her detention. Emineth was entitled only to that process due as is set forth in §§ 53.1-168, 53.1-169 and 53.1-170. Having affirmatively waived her opportunity to any preliminary hearing, she cannot now complain of her own actions. This finding by the court is the basis for dismissing all Fourteenth Amendment claims against both Winston and Johnson.

Sheriff Winston's duties as a constitutional officer are enumerated in Va. Code Ann. § 53.1-116 through Section 53.1-133. This required him to keep a record describing each person committed to jail, the terms of confinement, for what offense or cause he was committed, and when received into jail. The Code also provides that the Sheriff receive into the jail all persons committed by order of the courts within his jurisdiction or under process issuing therefrom and all persons *committed by any other lawful authority. See* Va. Code Ann. § 53.1-119 (Repl. Vol. 1982). The Code does not require the Sheriff to bring any person committed pursuant to lawful authority before a magistrate or judge unless ordered to do so by the court. Pursuant to the provisions of the Virginia Model Interstate Parole and Probation Hearings Act, it is incumbent upon the Compact Administrator to give reasonable notice of any such administrative hearing to the parolee or probationer. *See* Va. Code Ann. § 53.1-170 (Repl. Vol. 1982).

No statutory or constitutional provision cited to this court imposed a duty on either Sheriff Winston or Pereuna Johnson to act as an advocate for probationer-plaintiff. They were not the legal cause of her incarceration.

Winston was merely her keeper pursuant to a lawfully issued warrant. Johnson had no duty to procure for plaintiff what plaintiff had already relinquished. Inasmuch as plaintiff's motion for judgment is based on the alleged failure of these defendants to take Emineth before a hearing officer, the foregoing, especially plaintiff's waiver of said hearing, renders her claims nonactionable. Moreover, plaintiff has not pled that action on the part of either defendant would have prevented Emineth's incarceration or caused Emineth to be released any earlier, and thus she has failed to assert a causal connection between any alleged wrongdoing by the defendants and her injuries.

III. *The Eighth Amendment is Inapplicable to Facts Pled by Plaintiff in Her motion for Judgment.*

Plaintiff cannot avail herself of protections of the Eighth Amendment to the United States Constitution, which does not apply to arrestees or pretrial detainees. *Kidd v. O'Neil*, 774 F.2d 1252, 1258 (4th Cir. 1985). The complaint is devoid of any allegation that would give rise to a cruel and unusual punishment claim under the Eighth Amendment. After lawful incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Neither Johnson nor Winston was responsible for any conditions that may have existed in the jail facility. Thus, this prong of plaintiff's § 1983 claim is dismissed as a matter of law.

IV. *The Lawfulness of Plaintiff's Detention Requires Dismissal of Plaintiff's State Law Claims.*

The foregoing discussion establishes that defendant Winston owed no duty to bring plaintiff before any judicial authority to determine if there was probable cause to hold her on the Probation and Parole warrant. Plaintiff knew that her conviction in Henrico County violated the conditions of her Florida probation. She knew why she was being held in the Richmond City Jail. The detention was lawful. Winston's only duty was to safely hold her until Florida acted with respect to extradition. Thus, plaintiff has simply failed to demonstrate the elements

required to establish liability against defendants under the tort theories of false imprisonment or intentional infliction of emotional distress. *Zayre of Virginia, Inc. v. Gowdy*, 207 Va. 47, 147 S.E.2d 710 (1966). Plaintiff's state law claims are, therefore, dismissed.

All of the foregoing conclusions also apply to Emineth's claims against defendant Pereuna Johnson. Plaintiff knew she had violated a probation condition set both by the State of Florida and the Commonwealth of Virginia; that she was being held for that violation; that she was offered a preliminary hearing; and that she affirmatively waived that hearing. The more troubling fact of plaintiff's claim and the gravamen of this lawsuit seems to be the indeterminate nature of Emineth's detention pursuant to the Arrest Authority. A subsequent hearing, if convened, would have been conducted upon notice by the Compact Administrator of Virginia before a person designated by the Administrator. Sections 53.1-169 and 53.1-190. The real issues are whether or not Johnson had any duty to notify the Compact Administrator of Emineth's probation violation; and whether or not such notification would have resulted in Emineth's release; *i.e.*, a question of causation.

Plaintiff's pleadings, on their face, do not establish a valid cause of action because they fail to allege any duty Johnson owed to Emineth that is cognizable in law. The court is unwilling to cut out of whole cloth duties that have no source in statutes, the Constitution of the United States, or common law. In the absence of such a legal duty, the entire motion for judgment is fatally flawed.

Plaintiff relies on § 53.1-145 to establish a duty on Johnson's part to aid Emineth in procuring a hearing. However, subsection (2) of that provision which requires probation officers to "supervise and assist" probationers and "to furnish every such person with a written statement of the conditions of his probation" cannot be construed to impose on Johnson duties of advocacy after Emineth has effectively violated probation. Moreover, those duties contemplated by the statute were fulfilled when Emineth's supervised probation began and the conditions of that status were explained to her. Even if the court were to find Johnson bound by this statute, to procure a hearing for Emineth's noncompliance with section (2) of this statute

does not violate plaintiff's constitutional rights. *Lee v. Barowski*, 404 F. Supp. 1394 (W.D. Va. 1985).

The record clearly establishes that there are no issues of material fact genuinely in dispute; therefore, the court finds that the amended motion for judgment is without merit and must be dismissed with prejudice. The legal issues of sovereign immunity were not reached.