## Richmond

KEITH ANTHONY TURNER v. COMMONWEALTH OF VIRGINIA.

March 5, 1976.

Record No. 750457.

Present, All the Justices.

*William H. Haboush*, for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

In this criminal appeal, we consider the question whether the trial court had jurisdiction to try the defendant, Keith Anthony Turner, who was 17 years of age at the time he committed the penitentiary offense of which he was convicted. More precisely, the question is whether the *written* notice requirement of Code § 16.1-176(a)(3), a

part of the Juvenile and Domestic Relations District Court Law (Code §§ 16.1-139 *et seq.*), is procedural or jurisdictional.

Section 16.1-176(a) provides that if a child 15 years of age or over is charged with an offense which, if committed by an adult, could be punished by confinement in the penitentiary, the juvenile court may retain jurisdiction or transfer such child to the appropriate court of record. Any such transfer, however, is subject to the condition that, prior to hearing evidence on the merits of the case, the juvenile court shall conduct a hearing on the question whether to retain jurisdiction or to transfer the matter (§ 16.1-176(a)(2)) and in connection with the hearing shall give:

> "Notice in writing of the time, place and purpose of the hearing . . . to the child and his parents, guardian or other persons standing in loco parentis or attorney at least five days before the hearing." Code § 16.1-176(a)(3).

The facts are not in dispute. The defendant was born February 16, 1957. On October 3, 1974, he robbed at gunpoint the proprietor of Paynter's Union 76 Service Station, located in Richmond. On October 5, the defendant was arrested on a warrant at his Richmond home in the presence of his parents. He was thereupon taken into custody.

On October 7, a detention hearing was held by the Juvenile and Domestic Relations District Court of the City of Richmond. The defendant and his father were present. Notice of the charge of robbery was served on the defendant, bail was fixed, and a transfer hearing was set for October 24. The defendant was remanded to jail, where he remained in default of bail.

Also on October 7, the arresting officer executed a juvenile petition in the form prescribed by Code § 16.1-165. On October 8, counsel was appointed to represent the defendant, and the attorney was "notified of hearing date." The record fails to show, however, that any *written* notice of the time, place, and purpose of the October 24 hearing was given the defendant, his parents, or his attorney.

At the transfer hearing, the defendant, his parents, and his attorney all were present. Following the hearing and receipt of the report of investigation required by Code § 16.1-176(c), the juvenile court certified the defendant's case to the Circuit Court of the City of Richmond, Division I. The defendant was there indicted, tried without a jury, and convicted of robbery. He was sentenced to a term of 15 years in the penitentiary, with 7 years suspended.

The defendant contends that the circuit court lacked jurisdiction to try him because notice in writing of the transfer hearing was not given him, his parents, or his attorney. We do not agree, however, that the circuit court lacked jurisdiction to try the defendant.

Admittedly, the record fails to show that any notice *in writing* was provided of the time, place, and purpose of the transfer hearing. At the detention hearing, however, the defendant, with his father present, was served with notice of the charge against him, and the date was set for the transfer hearing. Sixteen days prior to the transfer hearing, counsel was appointed for the defendant, and the attorney was "notified of hearing date." At the transfer hearing, the defendant, his parents, and his attorney were present; none voiced any complaint concerning the inadequacy of notice, either at the transfer hearing or later at the trial in circuit court. Furthermore, the defendant has not claimed or shown any prejudice resulting from the lack of written notice.

It is elementary that the purpose of notice in a criminal proceeding is to inform the accused of the charge against him and to afford him reasonable opportunity to prepare his defense. Due process of law requires the same purpose to be served by notice in a juvenile proceeding. *See In re Gault*, 387 U.S. 1, 33 (1967). But the *form* of notice and the *method* of giving notice are ordinarily considered matters of procedural and not substantive due process. *See Cole* v. *Arkansas*, 333 U.S. 196, 201 (1948).

Unquestionably, the juvenile statutes of Virginia require written notice of a transfer hearing. But if the requirement that the notice be in writing is procedural rather than jurisdictional, any departure from that requirement may be cured or waived by the appearance of proper and necessary parties and a failure to object to inadequacy of notice. We believe the juvenile statutes themselves demonstrate the procedural nature of the written notice requirement.

A proceeding in juvenile court, leading either to exercise of the court's own disciplinary powers or to transfer, is based upon a petition executed pursuant to Code § 16.1-165. Section 16.1-166 provides that notice of the petition shall be given by a summons requiring "all proper or necessary persons to appear . . . unless the parties hereinafter named voluntarily appear." The child, his parents, and his attorney are "parties hereinafter named" in § 16.1-176, the transfer statute which is the focus of our inquiry.

Section 16.1-167 provides that service of the summons required in a

juvenile proceeding shall be by delivery of a true copy thereof to the person summoned. The section further provides, however, that if "the child mentioned in the petition is present in court, no summons or other notice to the child shall be necessary to give the court jurisdiction of the child."

Further, Code § 16.1-176, the transfer statute, which includes the pertinent requirement of notice in writing, provides that no child shall be prosecuted in a court of record for a criminal offense unless his case has been transferred as provided in the statute. The following section, 16.1-176.2, however, provides that, at any time prior to the transfer hearing, a child, with the written consent of his counsel, may waive the jurisdiction of the juvenile court and have his case transferred to the appropriate court of record. We deem it significant that § 16.1-176.2 was enacted at the same session of the General Assembly (1973) at which § 16.1-176 was revised and the requirement of notice in writing of a transfer hearing was included. Also significant is the fact that when the General Assembly revised the transfer statute in 1973 and imposed stricter requirements for transfer, it left intact the authority contained in § 16.1-175, under which a court of record, upon discovering that a criminal defendant is under 18 years of age, may transfer the case to the juvenile court or it may, after securing the report of investigation required by the transfer statute, § 16.1-176(c), continue with the trial. See *Toran* v. *Peyton*, 207 Va. 923, 925, 153 S.E.2d 213, 215 (1967).

We are of opinion that these various statutory provisions clearly show the legislative intent to make merely procedural the requirement that notice of a transfer hearing be in writing. It would be inconsistent and contradictory to say that the requirement of written notice is jurisdictional when the juvenile statutes dispense with notice to the child if he "is present in court" and with all notice when the proper and necessary parties "voluntarily appear." Any argument in favor of the jurisdictional nature of written notice of a transfer hearing is overcome by the provision that a court of record, notwithstanding absence of a transfer hearing, may proceed to try a person under the age of 18 years upon securing the report required, interestingly enough, by the transfer statute. And especially is the jurisdictional argument negated by the further provision that the transfer hearing itself may be waived.

Failure to give *written* notice of a transfer hearing is, therefore, a mere procedural defect. We said in *Snyder* v. *Commonwealth*, 202

Va. 1009, 1014, 121 S.E.2d 452, 456 (1961), relying upon *Dowdell* v. *United States*, 221 U.S. 325, 332 (1911), that "objection to a procedural defect must be timely made if it is to avail an accused when attacking his conviction."

In the present case, because the written notice requirement is procedural, all necessary parties were present at the transfer hearing, and the defendant raised no objection of inadequacy of notice either in juvenile court or at his trial in circuit court, we will not now notice the objection. For similar reasons, the cases of *Matthews* v. *Commonwealth*, 216 Va. 358, 218 S.E.2d 538 (1975), and *Peyton* v. *French*, 207 Va. 73, 147 S.E.2d 739 (1966), relied upon by the defendant, are inapplicable here.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*

COMPTON, J., dissenting.

I dissent. The majority today departs from a long line of cases which hold that the circuit court may not acquire jurisdiction to try a minor defendant without compliance having been made with the Juvenile and Domestic Relations District Court Law, Code § 16.1-139 *et seq.* The cases include *Matthews* v. *Commonwealth*, 216 Va. 358, 218 S.E.2d 538 (1975), decided less than five months ago. The Court deviates from the case law notwithstanding the recent (1973) extensive amendment of the transfer statute, which placed more stringent requirements on the transfer, or certification, step in the juvenile process than had been provided at the time the applicable cases preceding *Matthews* were decided. Before today, compliance with the requirements of the juvenile statutes relating to the transfer hearing was necessary to confer subject matter jurisdiction on the circuit court. And, want of this type of jurisdiction cannot be waived by silence, neglect or failure to object. *Humphreys* v. *Commonwealth*, 186 Va. 765, 772, 43 S.E.2d 890, 893-94 (1947). Now, my brethren hold that the provision of the transfer statute dealing with the important subject of notice of transfer hearing *time*, place and *purpose* is a mere matter of procedure which may be waived. I disagree.

In *Matthews*, a case decided subsequent to the proceedings below, we held that the failure to make the findings required by subsection (a)(4) of the present transfer statute was jurisdictional error. 216 Va. at 361, 218 S.E.2d at 541. Such a determination recognized the

"critically important" action taken at the transfer hearing which determines vital statutory rights of the juvenile. *Kent* v. *United States,* 383 U.S. 541, 556 (1966). Transfer of jurisdiction is probably the most severe sanction which may be imposed by the juvenile court. Schornhorst, *The Waiver of Juvenile Court Jurisdiction: Kent Revisited,* 43 Ind. L. J. 583, 586 (1967). *See* Note, *Review of Improper Juvenile Transfer Hearings,* 60 Va. L. Rev. 818, 818-19 (1974). Under our statutes, the original and exclusive jurisdiction of the juvenile courts confers "special rights and immunities" on children. *See Kent,* 383 U.S. at 556. For example, they are shielded from publicity and from the probability of adult punishment, and its consequences. But upon transfer, the juvenile is "exposed to the probability of severe punishment; . . . the confidentiality and individuality of the juvenile proceeding is replaced by the publicity and the normative concepts of penal law; the child acquires a public arrest record which, even if he is acquitted, will inhibit his rehabilitation because of the opprobrium attached thereto by prospective employers; if convicted as an adult, the child may be detained well past his twenty-first birthday; he may lose certain civil rights and be disqualified for public employment." Schornhorst, *supra* at 586-87.

Not only did our holding in *Matthews* recognize the gravity of the action taken at the transfer hearing, it also was consistent with our prior decisions dealing with the certification procedure generally in the juvenile courts under former statutory provisions. *See Pruitt* v. *Peyton,* 209 Va. 532, 165 S.E.2d 288 (1969); *Gogley* v. *Peyton,* 208 Va. 679, 160 S.E.2d 746 (1968); *Gregory* v. *Peyton,* 208 Va. 157, 156 S.E.2d 624 (1967); *Peyton* v. *French,* 207 Va. 73, 147 S.E.2d 739 (1966). *See also Norwood* v. *City of Richmond,* 203 Va. 886, 128 S.E.2d 425 (1962). Cf. *Durrette* v. *Commonwealth,* 201 Va. 735, 113 S.E.2d 842 (1960).

The holdings in *Matthews, Pruitt, Gogley* and *Gregory* were all based on *Peyton* v. *French,* which emanated from *Tilton* v. *Commonwealth,* 196 Va. 774, 85 S.E.2d 368 (1955). In *Peyton* v. *French,* we said that:

"[T]he clear purpose and intent of the Juvenile and Domestic Relations Court Law cannot be achieved if it is not *mandatory* that the proceedings set forth in §§ 16.1-164, 16.1-166, 16.1-167, 16.1-172, 16.1-173 *and 16.1-176(a)* [the former transfer statute] be complied with. Indeed, the very language of the statutes makes it

*mandatory* that the aforesaid mentioned statutes be followed before *criminal jurisdiction in a proper court of record comes into being.*

"Here the convictions in the circuit court resulted from the judge of the juvenile and domestic relations court taking the petitioner from boyhood to manhood by 'certifying' him for grand jury action and trial as an adult without proper hearing. *The circuit court derived its purported jurisdiction through the action taken in the juvenile court.* The action of the juvenile court judge in dealing with the petitioner in his absence without a hearing and *without notice to his parents,* and the failure of the court to appoint a guardian *ad litem* to represent petitioner's interest, violated the mandatory provisions of the Juvenile and Domestic Relations Court Law and the requirements of due process, and was a denial of petitioner's constitutional guarantee under § 8 [now art. I, § 8] of the Constitution of Virginia. [Citations omitted].

"We are of opinion that a preliminary hearing in the juvenile court was jurisdictional and not procedural, and that before the circuit court could acquire jurisdiction to try petitioner there *must have been a compliance with the provisions* of the Juvenile and Domestic Relations Court Law. Thus the failure of the juvenile court to *comply with the applicable statutes rendered the circuit court proceedings void* and the petitioner was unlawfully imprisoned . . . ." 207 Va. at 79-80, 147 S.E.2d at 743 (emphasis added).

I would apply this rule to the notice defect in this case, as it was applied to the defects in the foregoing cases. As stated, *Matthews* was decided under the same statute which governs this case. There, the circuit court failed to make the required statutory findings. The earlier cases were decided under forerunners to the present statute. In *Tilton,* the required investigation of the "physical, mental and social condition and personality of the child", and of the facts of the charged violation, had not been made. In *Peyton* v. *French,* as stated, the juvenile court had failed to provide the defendant a proper transfer hearing or notify the child's parents of the hearing or appoint a guardian *ad litem.* In *Gregory* and *Gogley* no guardian *ad litem* had been appointed to represent the defendant at the transfer hearing.

I perceive no significant difference in the substantive nature of the foregoing defects, especially those in *Matthews* and *Tilton,* held to be jurisdictional, and the notice defect held procedural in this case, and the majority makes no attempt to draw a distinction. In my view,

the requirement of written notice of the *time*, place and *purpose* of the transfer hearing to the defendant, and his parents or attorney, is as substantial as was the requirement for findings in *Matthews* and the requirement of an investigation in *Tilton*.

Finally, the jurisdictional nature of the requirements of the transfer statute is made explicit in the body of the enactment. Section 16.1-176(f) provides that, "No child, either before or after reaching eighteen years of age shall be prosecuted in the court of record for a criminal offense previously committed *unless the case has been transferred or removed as provided in this section, or as provided for in § 16.1-176.2.*" (Emphasis supplied). And this case has not been "transferred" in accordance with § 16.1-176 nor has it been "removed" as provided in the section nor has the jurisdiction of the juvenile court been "waived" in accordance with Code § 16.1-176.2.

Accordingly, since the circuit court failed to acquire subject matter jurisdiction of this case, I would hold the defendant's conviction to be void.