# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Joseph Lee Frye

February 23, 1999

Case No. (Criminal) 11316

BY JUDGE THOMAS D. HORNE

Defendant, a juvenile, was certified for trial to this Court by the Juvenile and Domestic Relations District Court of Loudoun County. Subsequent to his indictment by the grand jury, he was tried and convicted. Counsel for the Defendant contends that this Court lacked jurisdiction to try the Defendant because the juvenile court failed to effect personal service of the summons pursuant to Va. Code § 16.1-263 and § 16.1-264 on him prior to his transfer hearing in the Juvenile and Domestic Relations Court. Accordingly, it is asserted that the Defendant is entitled to raise procedural issues relative to proceedings in the district court for the first time in these post-conviction proceedings.

In papers filed in support of the instant motion, the Defendant relies upon two recent decisions of the Court of Appeals, *Karim v. Commonwealth*, 22 Va. App. 767 (1996), and *Baker v. Commonwealth*, 28 Va. App. 306 (1998). The Court finds that the failure of the trial court in *Baker* to effect service of process upon a biological father in accordance with the mandatory provisions of § 16.1-263 and in *Karim* to properly notify the parents in accordance with the applicable statute can be readily distinguished from the facts of the instant case. In each instance, the necessary parties who were the subject of inadequate notice did not in fact appear at the hearing. Contrariwise, the

instant Defendant, his attorney, and both parents were present at the transfer hearing before the Juvenile and Domestic Relations Court of Loudoun County.

It is the contention of the Defendant that because he could not waive service of the summons, the fact that he was not in fact served with a summons voids his conviction. Pursuant to the provisions of § 16.1-263(D), "[a] party, other than the juvenile, may waive service of summons by written stipulation or by voluntary appearance at the hearing." The purpose of the summons and attached petition is to inform the juvenile and the other necessary parties of the time and place of the hearing and of their requirement to appear at the hearing, to inform them of the particularized charges alleged against the juvenile, to inform them of the juvenile's right to counsel, and to inform the parents of their potential obligation to support their child pursuant to § 16.1-290.

The issue which is central to a determination of the instant motion is whether the provision is jurisdictional or procedural as applied to the instant proceedings. As Justice Carrico, writing for a majority of the Supreme Court, noted in *Turner v. Commonwealth*, 216 Va. 666, 668 (1976) (citations omitted):

> [i]t is elementary that the purpose of notice in a criminal proceeding is to inform the accused of the charge against him and to afford him reasonable opportunity to prepare his defense. Due process of law requires the same purpose to be served by notice in a juvenile proceeding. But the *form* of notice and the *method* of giving notice are ordinarily considered matters of procedural and not substantive due process.

Thus, the Court in *Turner* determined that the written notice of a transfer hearing mandated by statute was procedural where the parties were present and where they had previous notice of the charges, of the date and place of the hearing, where counsel had been appointed and notified of the hearing date, and where no claim of prejudice resulting from the lack of written notice was claimed or shown. Accordingly, the judgment of the trial court was not void. See *Jamborsky v. Baskin*, 247 Va. 506 (1994).

The conflict of whether the method and form of notice is procedural is further reconciled by reading two closely related statutes together so as to harmonize the force and effect of their statutory construction. *ACB Trucking, Inc. v. Griffin*, 5 Va. App. 542, 365 S.E.2d 334 (1988). The notice provision prescribed in § 16.1-263, and the conditions for a transfer to the appropriate circuit court listed in § 16.1-269.1(A)(1) both provide that the party shall be

deemed as noticed when a copy of the petition and due notice as to time, date, and place of hearing is received by the party or attorney. Applying these principles together with the Supreme Court's findings in *Turner* and *Jamborsky*, this Court concludes that actual notice to a necessary party is substantive, but the method and form of notice is procedural.

There is nothing in the history of this provision or in the statute which would indicate an intent on the part of the legislature to vary the rule in *Turner*. It is only the fact of notice and not the method by which notice is given that is jurisdictional. Where notice is required, a failure to give actual notice or notice in strict conformity with the statute is violative of due process and void. The record must affirmatively show, as in the instant case, actual notice, or a strict compliance with the statute as to the giving of such notice. A failure to give notice implicates a substantive due process violation.

By a general appearance, which is voluntary, with knowledge of the hearing's institution, and with a reasonable understanding of the nature of the hearing, a party waives process and thereby confers jurisdiction on the court. *Nixon v. Rowland*, 192 Va. 47, 50 (1951). Accordingly, any failure to timely object to the procedure used in giving notice would not render void any judgment based upon such notice. *Commonwealth v. Herbert*, 127 Va. 291, 295 (1920). As the Court observed in *Harris v. Shield*, 111 Va. 643, 645 (1922):

> [a]ll parties in interest being before the trial court, and the cause having been heard and determined upon the pleadings and exhibits filed therewith, without objection upon the part of anyone, we do not think that the appellant's right to maintain her suit can be questioned for the first time here.

Had the legislature intended to require service of the summons, despite the appearance of all the necessary parties, it would have said so. To do so would have elevated the method of giving notice to jurisdictional proportions. The court in *Karim* noted that "neither Karim's parents nor legal guardian were given proper notice or *were present at the hearing*." 22 Va. App. at 778 (emphasis added).

Thus, the Court finds that, absent physical presence or actual notice, a failure to comply strictly with the procedural provisions relating to the service of notice is jurisdictional and renders any judgment void. Where a party has notice but such notice does not comply with the statute, such defect is

procedural only and a failure to timely object constitutes a waiver of such provisions.