Present:  All the Justices

STEVE EDWARD ROACH

v.  Record No. 991816   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                November 5, 1999

DIRECTOR, DEPARTMENT
OF CORRECTIONS

UPON A PETITION FOR A WRIT OF HABEAS CORPUS


Steve Edward Roach was tried by a jury in the Circuit Court of Greene County and was convicted of capital murder, robbery, and use of a firearm in the commission of a felony.  The capital murder conviction was based on the murder of Mary Ann Hughes in the commission of robbery while armed with a deadly weapon.  Code § 18.2-31(4).  Roach, who was 17 years old when the crimes were committed, was sentenced to death on the capital murder conviction based on the aggravating factor of "future dangerousness."  The trial court also sentenced Roach to three years' imprisonment for the use of a firearm in the commission of a murder and to life imprisonment for robbery.  We affirmed the trial court's judgment in Roach v. Commonwealth, 251 Va. 324, 468 S.E.2d 98, cert. denied, 519 U.S. 951 (1996).

Roach filed the present petition for a writ of habeas corpus invoking the original jurisdiction of this Court.  He alleges that his parents were not provided notice as required by former Code § 16.1-263 of proceedings in the Greene County

Juvenile and Domestic Relations District Court (juvenile court) that resulted in his transfer to the Greene County Circuit Court (circuit court) for trial as an adult.[1]  He contends that under our recent holding in Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), the failure to provide such notice renders his convictions void for lack of jurisdiction.

On December 7, 1993, two juvenile petitions were issued against Roach, charging him with the capital murder of his 70-year-old neighbor, Mary Ann Hughes, and use of a firearm in the commission of that felony.  On December 10, 1993, a third juvenile petition was issued, charging Roach with the robbery of Hughes.  Also on December 10, 1993, Roach's father, John Edward Roach, and mother, Shirley Ann Roach, were personally served with written notice that a hearing would be held that day in the juvenile court to determine whether the criminal charges against Roach should be transferred to the circuit court.

The transcript of the December 10, 1993 hearing reflects that both parents were present.  During that proceeding, the juvenile court heard various motions and scheduled the transfer

---

[1]Roach raised the same claims in a petition for writ of coram vobis filed in the circuit court.  That court denied his petition by order dated July 30, 1999.  Roach's appeal of the circuit court order is pending in this Court and has been consolidated with this habeas corpus proceeding.  See Roach v. Commonwealth of Virginia, Record. No. 991817.  We will decide the coram vobis appeal separately by order and, for reasons not

hearing for February 11, 1994. The juvenile court also issued written notice of the February 11, 1994 hearing, and a sheriff's return of service of process reflects that both parents were personally served with notice of the hearing. On February 11, 1994, both parents were present in the juvenile court, and that court continued the case until May 6, 1994, "for transfer hearing."

Prior to the May 6, 1994 transfer hearing, at the request of Roach's counsel, the juvenile court issued a witness subpoena for Roach's mother requiring her appearance at the hearing. Both parents appeared at the May 6, 1994 proceeding. During the hearing, at the request of Roach's counsel, the juvenile court excluded all witnesses, including Roach's mother, from the courtroom. After hearing the evidence and argument of counsel, the juvenile court stated:

> The only thing in this case that I want to read the authorities more clearly on is the voluntariness of this statement [Roach's purported confession dated December 6, 1993] . . . . [A]ssuming that that voluntariness is established and the Court is satisfied with it, I don't have any reservations about certifying this case. But it seems to me that the case, in meeting these standards [for transfer to the circuit court under former Code § 16.1-269], has to rest upon this statement being used in evidence, so that the statement, itself, is very essential and crucial.

germane to this appeal, we will affirm the circuit court's judgment in that case.

The juvenile court stated that it would take under advisement the issue of the admissibility of Roach's statement. In an order dated May 13, 1994, the juvenile court directed that Roach be transferred to the circuit court for further criminal proceedings. In that order, the juvenile court ruled, among other things, that "from the evidence presented . . . there is probable cause to believe the juvenile committed the delinquent act[s] alleged."

Roach noted his appeal from the transfer decision pursuant to former Code § 16.1-269(E). On June 16, 1994, the circuit court conducted a review of the transfer decision. On July 5, 1994, the circuit court entered an order stating that "[a] review of the transcript of the transfer hearing [in the juvenile court] shows the statement was never admitted into evidence and it was necessary as evidence in order to show probable cause." The order remanded the case to the juvenile court "for a ruling on whether the Defendant's statement is to be admitted into evidence."

On July 22, 1994, the juvenile court conducted a hearing in response to the circuit court's order. The record does not show that Roach's parents were given notice of that hearing or that they were present in the juvenile court. At the hearing, the juvenile court heard argument concerning the admissibility of Roach's statement and whether the Commonwealth had established

4

probable cause to believe that Roach committed the three offenses. After Roach made a motion to strike the evidence, the juvenile court reviewed the content of Roach's purported confession and stated:

> Having reviewed that again, I find that the case should be sent up and that a motion to strike is overruled and I find that that statement in itself, coupled with the other evidence . . . all of it led . . . to the conclusion that this was a case which should be transferred, and I restate that and confirm that decision, particularly in light of the remand which indicated that the Court should make a specific finding on the record that the statement is admissible.

The juvenile court then entered an order entitled "Transfer Order." In that order, the juvenile court specified that Roach's statement "is hereby admitted into evidence" and found that there was probable cause to believe that Roach committed the crimes charged. The order concluded: "This case is again Transferred and Certified to the Circuit Court . . . for further proceedings in accordance with the previous Transfer Order dated May 13, 1994."

The circuit court held a hearing on September 1, 1994, to complete its review of the juvenile court's transfer decision. After the hearing, the circuit court entered an order authorizing the Commonwealth to seek an indictment on all three charges.

5

In his petition for a writ of habeas corpus, Roach alleges that his parents were not given notice of all the transfer proceedings in the juvenile court.  He argues that our decision in Baker compels a conclusion that the circuit court did not acquire jurisdiction to try him on the three felony charges.

In Baker, for the reasons stated in the opinion of the Court of Appeals, we affirmed the Court's judgment voiding the circuit court convictions of a juvenile because the required notice of transfer hearing was not provided to the juvenile's father.  258 Va. at 2, 516 S.E.2d at 220.  The Court of Appeals held that "[a] plain reading of Code §§ 16.1-263 and 16.1-264 manifests legislative intent that both parents be notified and dispenses with this requirement only when the trial judge has certified on the record that the identity of a parent is not reasonably ascertainable."  Baker v. Commonwealth, 28 Va. App. 306, 312, 504 S.E.2d 394, 397 (1998).  The Court of Appeals concluded that "[b]ecause the notice of the initiation of juvenile proceedings was not properly served on the required parties, the transfer of jurisdiction was ineffectual and the subsequent convictions are void."  Id. at 315, 504 S.E.2d at 399.

Roach contends that the May 6, 1994 transfer hearing was defective because his mother was not given the required statutory notice, and that her compulsory attendance as a

witness at this hearing did not constitute a waiver of notice. Roach also asserts that the circuit court did not acquire jurisdiction over him as a result of the May 13, 1994 transfer order because the juvenile court did not make a "valid" probable cause determination in that order. Roach contends that the July 22, 1994 hearing in the juvenile court, at which a probable cause determination was made, also was defective because neither parent was given notice of that hearing, which rendered the later proceedings in the circuit court void. We disagree with Roach's arguments.

We consider these arguments in the context of the statutory framework established by the General Assembly for the adjudication of offenses allegedly committed by a juvenile. These statutes give the juvenile and domestic relations district courts "exclusive original jurisdiction" over "all cases, matters and proceedings" concerning a juvenile who is alleged to have been delinquent. Code § 16.1-241(A). The transfer decision made by a juvenile and domestic relations district court is a proceeding within the meaning of this provision.[2] When a juvenile court transfers a juvenile to a circuit court for further criminal proceedings, the circuit court has exclusive jurisdiction on appeal of that decision to review the

7

juvenile court proceedings to determine whether "there has been compliance with [former Code § 16.1-269]."  See former Code § 16.1-269(A)(3).

In 1993, when Roach was charged with the three felony offenses, the notice provisions of former Code § 16.1-263 stated, in relevant part:

> A. After a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, and another to the parents, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings . . . . The court may direct that other proper or necessary parties to the proceedings be notified of the pendency of the case, the charge and the time and place for the hearing.
>
> B. . . .  Notice of subsequent proceedings shall be provided to all parties in interest.

The May 6, 1994 transfer hearing was a "subsequent proceeding" within the meaning of former Code § 16.1-263 and, thus, under the language of the statute, Roach's mother was required to be given "notice" of that proceeding.  Roach argues, however, that actual notice to the mother did not satisfy this requirement because she appeared under compulsory process and, therefore, did not "waive service of summons by written stipulation or by voluntary appearance at the hearing," as

---

[2]Effective July 1, 1994, the statutes governing the transfer of juveniles were repealed and replaced with new statutes.  See 1994 Va. Acts of Assembly, ch. 859 and ch. 949.

8

permitted by the statute.  See former Code § 16.1-263(D) (emphasis added).

We find no merit in this argument because former Code § 16.1-263(D) refers only to the initial summons to be served on parties in interest.  Following service of that summons, which was effected on both parents in this case, there was no prescribed method of notice of subsequent proceedings.  See former Code § 16.1-263(B).  The mother was served with a summons to appear as a potential witness, she appeared at the hearing, and she was excluded from the courtroom at the request of Roach's counsel while waiting to testify.  Neither Roach nor his mother objected to the adequacy of the notice she received.  Under these circumstances, we hold that the mother's appearance in court satisfied the statutory notice requirements of former Code § 16.1-263.

Our decision in Turner v. Commonwealth, 216 Va. 666, 222 S.E.2d 517 (1976), directly supports this conclusion.  In Turner, the record failed to show that the juvenile's parents received written notice of his transfer hearing as required by former Code § 16.1-176(a)(3).  However, his parents were present at the transfer hearing, along with the juvenile and his attorney, and no one objected to the adequacy of the parents' notice of the hearing.  Id. at 668, 222 S.E.2d at 519.  We held that when a parent had actual notice of a transfer hearing, any

departure from the statutory requirement of written notice was a procedural, rather than a jurisdictional, defect that "may be cured or waived by the appearance of proper and necessary parties and a failure to object to inadequacy of notice." Id. at 668, 222 S.E.2d at 519. Thus, in the present case, any defect in the manner of notice to Roach's mother was cured by her appearance at the hearing and the absence of any objection at the hearing to the adequacy of that notice. See id.

We also find no merit in Roach's assertion that his mother's exclusion from the courtroom as a potential witness eliminated the substantive protection of the notice requirement because she was not able to be present with Roach at the hearing and provide him guidance. The mother was excluded from the hearing on the motion of Roach's counsel without any suggestion that her dual role as parent and potential witness required that she be allowed to remain in the courtroom. Thus, her absence from the courtroom during the hearing was attributable only to Roach, and not to the juvenile court or the Commonwealth.

We next address Roach's contention that the May 13, 1994 order did not result in a valid transfer of Roach's cases to the circuit court, and that the transfer actually occurred at the July 22, 1994 hearing in the juvenile court, of which Roach's parents were not given notice. Contrary to Roach's assertion, the May 13, 1994 order demonstrates that the juvenile court made

10

the findings required by statute for the jurisdictional transfer. Former Code § 16.1-269 did not require the juvenile court to state the basis for its probable cause determination. Thus, the juvenile court was not required to include in its order a specific ruling on the admissibility of Roach's confession. See former Code § 16.1-269(A)(3).

On Roach's appeal from the May 13, 1994 order, the circuit court initiated its compliance review under former Code § 16.1-269(A)(3). At a June 16, 1994 hearing, the circuit court considered the sufficiency of the evidence of probable cause to show that Roach committed the charged offenses. This review of the juvenile court's probable cause determination was contrary to the directive of former Code § 16.1-269(E), which provided in relevant part that on a juvenile's appeal of a transfer decision:

> The circuit court shall, within a reasonable time after receipt of the case from the juvenile court, (i) examine all such papers, reports and orders and (ii) conduct a hearing to take further evidence on the issue of transfer, to determine if there has been compliance with this section, but without redetermining whether the juvenile court had sufficient evidence to find probable cause, and enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment. [Emphasis added.]

A court has only such jurisdiction as is granted to it by statute or by the Constitution. Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990); County School Bd. v.

11

Snead, 198 Va. 100, 104-05, 92 S.E.2d 497, 501 (1956); Humphreys

v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947).

In granting the circuit court subject matter jurisdiction to

determine whether the juvenile court complied with the transfer

requirements of former Code § 16.1-269, the legislature

expressly excluded from that authority any substantive review of

the sufficiency of the evidence to support a finding of probable

cause.  The juvenile court's order of May 13, 1994, showed on

its face that the juvenile court found probable cause to believe

that Roach committed the charged offenses.[3]  Thus, in conducting

its compliance review of Roach's transfer, the circuit court had

no authority to review this aspect of the juvenile court's

transfer decision.

Because the circuit court exceeded its jurisdiction in

ruling on the sufficiency of the evidence to support a finding

of probable cause, the July 5, 1994 order purporting to remand

the issue of the admissibility of Roach's statement was void.

See Parrish v. Jessee, 250 Va. 514, 520-21, 464 S.E.2d 141, 145

(1995); Morrison, 239 Va. at 170, 387 S.E.2d at 755-56; Brown v.

Commonwealth, 215 Va. 143, 145, 207 S.E.2d 833, 835-56 (1974);

---

[3]Roach's argument that the juvenile court failed to make
this probable cause determination is without merit, because the
argument is based on Roach's unsupported allegation that the
court failed to decide the admissibility of his statement in the
week after the transfer hearing before entering the May 13, 1994
order.

12

<u>Bryant v. Commonwealth</u>, 198 Va. 148, 151, 93 S.E.2d 130, 132 (1956). Thus, the proceedings in the juvenile court based on that order were a nullity, and the juvenile court's July 22, 1994 order also was void. See <u>Parrish</u>, 250 Va. at 520, 464 S.E.2d at 145; <u>Morrison</u>, 239 Va. at 170, 387 S.E.2d at 755-56; <u>New York, Philadelphia & Norfolk R.R. Ferry Co. v. Commonwealth</u>, 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954).

The Commonwealth's effective consent to remand the issue of the admissibility of Roach's statement to the juvenile court does not alter this result because neither consent of the parties, nor waiver, can confer subject matter jurisdiction on a court. <u>Morrison</u>, 239 Va. at 169-70, 387 S.E.2d at 755; <u>Brown</u>, 215 Va. at 145, 207 S.E.2d at 836; <u>Snead</u>, 198 Va. at 105, 92 S.E.2d at 501; <u>Humphreys</u>, 186 Va. at 772-73, 43 S.E.2d at 894. Therefore, because the proceedings in the juvenile court on July 22, 1994, were a nullity and, thus, had no legal effect, the Commonwealth was not required to notify Roach's parents of that hearing.

When Roach appeared in the circuit court with his parents and counsel on September 1, 1994, for review of the transfer decision, the circuit court had jurisdiction to consider the transfer decision under former Code § 16.1-269 and the juvenile court's May 13, 1994 transfer order. Thus, the circuit court's order of September 1, 1994, which authorized the Commonwealth to

13

seek an indictment in the case, confirmed the juvenile court's transfer decision and completed the jurisdictional transfer of Roach's offenses to the circuit court in compliance with the provisions of former Code § 16.1-269.  We conclude, therefore, that the statutory notice requirements for a transfer hearing, recognized by this Court in <u>Baker</u>, were fully satisfied in the present case.

For these reasons, we will deny Roach's petition for a writ of habeas corpus.

<u>Writ denied.</u>