Commonwealth of Virginia

v.

William Edward Brown

June 7, 2001

Indictment for Robbery: F-86-352-J
Indictment for Abduction: F-86-353-J
Indictment for Use of a Firearm: F-86-357-J

BY JUDGE LEARNED D. BARRY

William E. Brown, Inmate Number 147887, was tried by a jury in this Court and convicted of robbery, abduction, and use of a firearm in the commission of a robbery. The Court sentenced Defendant to twenty years incarceration with five years suspended for life for the robbery conviction, ten years incarceration for the abduction conviction, and two years incarceration for the use of a firearm conviction.

Defendant filed a motion to vacate judgment in each conviction. In support of this motion, Defendant alleges the juvenile court failed to notify his biological father of its transfer proceedings in this matter as required by § 16.1-263 of the Code of Virginia, 1950, as amended. Consequently, he argues the convictions are void for want of subject matter jurisdiction under *Baker v. Commonwealth*, 28 Va. App. 306 (1998), *aff'd per curiam*, 258 Va. 1 (1999).

The Court appointed counsel for Defendant and proceeded to hear this motion on April 13, 2001. At the time of this hearing, the juvenile records were believed to be lost. Subsequently, the Court located the appellate record, including extensive juvenile records, and the presentence reports prepared for these convictions. The Court made this information available to counsel and noted this additional information on the record on May 30, 2001.

After considering all the evidence and finding no merit to Defendant's claim, the Court denies the motion to vacate Defendant's 1986 convictions for robbery, abduction, and use of a firearm.

Defendant was a juvenile at the time of the offenses. The juvenile petitions for each charge list Robert Bradley, address unknown, as Defendant's father. (Appellate Record pp. 82, 98, 172.) The petitions list Rita Brown, deceased November 29, 1972, as Defendant's mother and Carolyn Carter, 3506 Carolina Avenue, Richmond, Virginia, as Defendant's legal custodian. (App. Rec. pp. 82, 98, 172.) According to the record, a court awarded legal custody of Defendant to his maternal aunt Carolyn Carter (hereinafter "Custodian") on June 14, 1973. (Presentence Investigation Report p. 5.)

Although the petitions listed Robert Bradley as Defendant's father, the Presentence Investigation Report listed William Smith as Defendant's father. (PSI p. 5.) William Edward Smith also testified before this Court that he is Defendant's biological father. (April 13, 2001, Transcript p. 5.)

The juvenile court issued Defendant's Custodian a summons and notice of transfer hearing for each petition. The return of service for each summons and notice is signed and dated by civil process server, Deputy A. Moore. (App. Rec. 79, 97, 170.) The record indicates the Custodian was present at the August 15, 1985, hearing in juvenile court. (App. Rec. p. 88.)

The juvenile court held the final transfer hearing for this matter on January 17, 1986, after a series of continuances for mental evaluations. (App. Rec. pp. 66, 83, 148.) The court noted a man named "William Smith" was present at this transfer hearing. (App. Rec. pp. 67, 84, 149.)

Although defense counsel argues the "William Smith" present at the transfer hearing is not the same "William Edward Smith" now claiming to be Defendant's biological father, this argument is without merit. The Court finds "William Edward Smith" is Defendant's biological father. Furthermore, the Court finds the same "William Edward Smith" was present at the January 17, 1986, transfer hearing.

In 1985, when the defendant was charged with the three felony offenses at issue, § 16.1-263 of the Code of Virginia, 1950, as amended, required the juvenile court to direct the issuance of summonses to the "child, if the child is twelve or more years of age, and another to the parents, guardian, legal custodian, or other person standing *in loco parentis*." The statute further provided "[w]here the custodian is summoned and such person is not the parent of the child in question, the parent shall also be served with a summons." This provision is mandatory and jurisdictional. *Karim v. Commonwealth*, 22 Va. App. 767 (1996).

It does not appear the juvenile court strictly complied with this formal summons requirement in this case. The juvenile court directed the issuance of a summons to Defendant's legal custodian. Likewise, a process server served the Custodian the summons and notice of transfer hearing for each petition in accordance with § 16.1-264 of the Code of Virginia, 1950, as amended. The record does not, however, indicate the juvenile court directed and served a summons for William Smith, Defendant's only living, biological parent.

This failure to formally summons a parent is nonetheless cured by § 16.1-263(D) of the Code of Virginia which states "a party, other than the child, may waive service of summons . . . by voluntary appearance at the hearing." This section specifically refers "to the initial summons to be served on parties in interest." *Roach v. Director, Department of Corrections*, 258 Va. 537 (1999).

In *Roach*, appellant's parents did not receive the notice required by § 16.1-263(A), but appeared at the juvenile court's final transfer hearing. The Court held any defect in notice was cured by their appearance at the juvenile court hearing and absence of any objection at the hearing to the adequacy of notice. *Id.* Furthermore, "when a parent had actual notice of a transfer hearing, any departure from the statutory requirement of written notice was a procedural, rather than a jurisdictional, defect that 'may be cured or waived by the appearance of proper and necessary parties and a failure to object to inadequacy of notice'." *Id.* at 545 (citing *Turner v. Commonwealth*, 216 Va. 666 (1976)).

Likewise, in the present case the Court finds Defendant's father William Smith appeared at the January 17, 1986, transfer hearing. The record indicates this appearance was voluntary and without objection to inadequacy of notice. By doing so, William Smith waived the statutorily required written notice. Any defect in the manner of notice is cured through this actual notice.

For the foregoing reasons, the Court concludes Defendant's convictions are not void as this Court obtained subject matter jurisdiction through a proper transfer proceeding from juvenile court. Accordingly, the Court this day orders Defendant's motion to vacate is hereby denied.

The Clerk's Office shall mail a certified copy of this Decision and Order to Esther Windmueller, counsel for Defendant, and Carroll Hughes, counsel for the Commonwealth.