548 S.E.2d 234

**Bennie E. LEAVELL, Jr., s/k/a Bennie Edward Leavell, Jr.**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1226–00–1.**

Court of Appeals of Virginia,
Chesapeake.

July 3, 2001.

David B. Hargett (Morrissey & Hershner, PLC, on brief), Richmond, for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: BENTON, BRAY and FRANK, JJ.

FRANK, Judge.

Citing *Commonwealth v. Baker*, 258 Va. 1, 516 S.E.2d 219 (1999), Bennie E. Leavell, Jr. (appellant), contends the trial judge erred by refusing to vacate his criminal conviction and to order a new trial. He claims his father did not have notice of the juvenile proceedings. For the reasons that follow, we affirm the trial judge's order.

## I. BACKGROUND

The record establishes that on October 23, 1990, petitions were filed in the Juvenile and Domestic Relations District Court for the City of Norfolk charging that appellant, a juvenile, committed the offenses of capital murder, robbery, and use of a firearm to commit a felony. The petitions indicate appellant's address was 4826 Old Wick Court, Virginia Beach. The petitions list his father as Bennie E. Leavell, Sr., and indicate his father's address was also 4826 Old Wick Court. Appellant's mother's address is shown as East Berkley Avenue, Norfolk. On October 29, 1990, at 1:00 a.m., the police arrested appellant and charged him with those offenses. The detention order contains notations that appellant was taken into custody "on 10/29/90" and that his "Parents [were] notified on 10/29/90."

Appellant's initial hearing was scheduled for 9:45 a.m. in the juvenile court on the day of his arrest. At that hearing, the judge continued the matter to December 3, 1990. At a hearing on December 3, 1990, the juvenile court judge trans-

ferred jurisdiction to the circuit court. The transfer order, which was substantially a pre-printed form, indicated that the "transfer hearing was conducted pursuant to proper notice to the juvenile [and] the juvenile's parents." According to the transcript of the transfer hearing, appellant's mother was present in juvenile court at the transfer hearing. On October 24, 1991, a jury in the circuit court convicted appellant of first-degree murder and robbery. The circuit court judge sentenced him on July 11, 1992.

On November 8, 1999, appellant filed in the circuit court a motion to vacate the judgment or, in the alternative, for a new trial. The motion alleged that appellant's father was not given notice of the proceedings that led to his convictions. Attached to the motion was an affidavit by appellant's father, dated July 29, 1999, in which he asserts that in 1990, and for two years preceding that year, he lived in the 1100 block of Wellington Street in Norfolk, that he has lived in Norfolk at all times since then, that his whereabouts have been known to appellant and appellant's mother, and that he "was not notified by the Norfolk Juvenile and Domestic Relations Court nor any other Court regarding the criminal prosecution or any legal proceeding against ... [appellant] ..., either orally or in writing."

The Commonwealth's response to appellant's motion alleged that the detention order, dated the day of appellant's arrest, contains the notation, "Parents notified on 10/29/90," that the transfer order recites "proper notice ... [was given to] the juvenile's parents," and that the father's affidavit "does not claim that he did not in fact know about the hearing." The Commonwealth's response also alleged that appellant's father was arrested on an unrelated charge on March 26, 1989, at which time his address was listed on the criminal records form bearing his fingerprints as "4826 Old Witch Ct., Virginia Beach, VA." In addition, the Commonwealth represented in its response that the homicide investigator would testify "that [appellant's father] was present in Juvenile Court and was aware of [appellant's] arrest and pending charges."

The record does not reflect that an *ore tenus* hearing was requested or held on the motion.[1] Apparently, the matter was submitted upon the pleadings and the record of appellant's prior conviction. Upon consideration of this record, the trial judge ruled that appellant's "father was not present" at the transfer hearing but that evidence of the father's absence from the transfer hearing was not sufficient to prove he did not receive notice of the proceedings. The judge also ruled that the recital in the transfer order, stating notice was given to the parents, was "presumed correct and accurate." Noting that the father's affidavit was "made almost ten years after [appellant's] conviction," the trial judge ruled that it "does not . . . rebut the presumption of accuracy accorded to the . . . order." Thus, the judge ruled that the "transfer order . . . is sufficient on its face for [him] to conclude that sufficient notice was given to [appellant's] father" and denied appellant's motion. This appeal followed.

## II. ANALYSIS

 "It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." *Davis v. Mullins*, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996) (citing *Cunningham v. Smith*, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)). In addition, the Supreme Court has consistently held that "[i]n the absence of objection, we deem the order of the trial court to contain an accurate statement of what transpired. . . . [A]nd we presume that the order, as the final pronouncement on the subject, . . . accurately reflects what transpired." *Stamper v. Commonwealth*, 220 Va. 260, 280–81, 257 S.E.2d 808, 822 (1979) (citations omitted). The principle is equally well established that "[i]n those cases

---

1. The record does not reflect that appellant asked for a hearing on his motion. Indeed, the motion itself asked that the conviction be vacated or, in the alternative, that appellant be granted a new trial. In appellant's brief before this Court, he does not ask for a remand to determine the factual basis of his motion. Instead, he only asks that the conviction be vacated. It is apparent that appellant relies on his motion and the affidavit of his father for the relief sought.

where the jurisdiction of the court depends upon compliance with certain mandatory provisions of law, the court's order, spread upon its order book, must show such compliance or jurisdiction is not obtained." *Cunningham,* 205 Va. at 208, 135 S.E.2d at 773 (citations omitted). "[T]he statutory requirement of parental notice of the initiation of proceedings in the juvenile court, under various former versions of what is now Code § 16.1–263, are [sic] mandatory in nature and limit a court's rightful exercise of its subject matter jurisdiction." *David Moore v. Commonwealth,* 259 Va. 431, 438, 527 S.E.2d 406, 409–10 (2000) (citations omitted).

■ The transfer order unambiguously recites that the "transfer hearing was conducted pursuant to proper notice to the juvenile, [and] the juvenile's parents." Adding to the presumption of correctness of that order is the notation on the detention order that appellant was taken into custody "on 10/29/90" and that his "Parents [were] notified on 10/29/90."

As the trial judge found, the affidavit executed by appellant's father and filed with the motion for a new trial contains stark omissions. Nowhere does the affidavit assert that appellant's father did not know of the hearing or that he was not present at the hearing. We hold, therefore, that the trial judge did not err in ruling that the evidence failed to rebut the presumption of correctness of the order. Accordingly, we affirm the order.

*Affirmed.*

BENTON, Judge, dissenting.

Although the transfer order recites that the "transfer hearing was conducted pursuant to proper notice to the juvenile [and] the juvenile's parents," the trial judge correctly ruled that "[t]he recitation of compliance . . . [was] not necessarily conclusive." *See McBride v. Commonwealth,* 24 Va.App. 30, 35, 480 S.E.2d 126, 128 (1997) (holding that the presumption was not overcome because the opposing party "offered no evidence to rebut the presumption"). Leavell contends that

evidence in the record rebuts the presumption of accuracy. I believe we must remand for an evidentiary hearing.

Leavell's motion in the circuit court contained an affidavit stating his father received no notice of the proceedings against Leavell. It alleges the existence of evidence which, if believed, would rebut the presumption of accuracy of the prior order. The Commonwealth also asserted it had testimonial evidence that would have buttressed the presumptive accuracy of the order.

The trial judge's finding that Leavell had not rebutted the presumption of accuracy rested primarily on Leavell's failure to object to the order within twenty-one days of its entry and also on the ten-year delay in filing his motion. Neither lapse of time renders the order unassailable. No evidence in the record proved that, until Leavell filed the current motion, he was aware that his father did not receive notice. The affidavit alleges that the father's whereabouts were known to Leavell and his mother, not that they had discussed this criminal charge and trial with him. Furthermore, the notice at issue in this case implicates the subject matter jurisdiction of the trial court. *See David Moore v. Commonwealth*, 259 Va. 431, 437, 527 S.E.2d 406, 409–10 (2000). Leavell's objection to subject matter jurisdiction is not subject to waiver. *Burfoot v. Commonwealth*, 23 Va.App. 38, 51, 473 S.E.2d 724, 731 (1996). Therefore, the lapse in time cannot prevent Leavell from seeking to rebut the presumption of the accuracy of the order.

The Commonwealth contends that Leavell's father's affidavit does not assert that he did not know of the hearing. Thus, the Commonwealth argues that Leavell's father may have had actual notice of the proceedings. Relying on *Roach v. Director, Dep't of Corrections*, 258 Va. 537, 545, 522 S.E.2d 869, 872 (1999), the Commonwealth maintains that actual notice is sufficient to comply with the statute. I believe the Commonwealth reads *Roach* too broadly. Roach's mother was actually present at the hearing and had received a summons to appear as a witness. 258 Va. at 545, 522 S.E.2d at 872. Therefore, the Supreme Court held that "any defect in the manner of

notice to Roach's mother was cured by her appearance at the hearing and the absence of any objection at the hearing to the adequacy of that notice." *Id.* In this case, however, the transcript of the transfer hearing indicates and the trial judge found that Leavell's "father was not present" at the hearing. Thus, the holding of *Roach* does not apply to the circumstance here and the omission in the father's affidavit that the Commonwealth alleges is irrelevant.

I would hold that Leavell's motion raised an issue about the accuracy of the original transfer order and about the notice to his father. Both issues implicate the court's exercise of its jurisdiction. *See David Moore,* 259 Va. at 437, 527 S.E.2d at 409–10. Because of the factual discrepancy that is presented by the pleadings, the trial judge should have held an evidentiary hearing on this matter to determine whether Leavell's father had received the required notice. Therefore, I would reverse the order and remand for an evidentiary hearing on the issue of whether Leavell's evidence proves that the Commonwealth failed to give the required notice under *Baker* and former Code § 16.1–263.