# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Sebastian Haskins

August 24, 2001

Case No. CR01001043

By Judge Charles D. Griffith, Jr.

This matter comes before the Court on Defendant's Motion to Vacate Convictions, which was filed on February 21, 2001. On March 28, 2001, Defendant filed a memorandum in support of his Motion. Defendant's present counsel was appointed by Order of this Court on June 28, 2001, and the Court requested that counsel file briefs. The Commonwealth's Response to Defendant's Motion to Vacate was made on August 3, 2001. To date, Defendant has filed no brief.

Defendant bases his Motion to Vacate on the case of *Commonwealth v. Baker*, 28 Va. App. 306 (1998), *aff'd Baker v. Commonwealth*, 258 Va. 1 (1999) (*per curiam*). The *Baker* case held that notice of commencement of proceedings against a juvenile was required to be given to both parents pursuant to Virginia Code §§ 16.1-263 and 16.1-264. Defendant claims that only one parent was present at his transfer hearing. Defendant's Memorandum in Support of Motion to Vacate at 1. He also alleges that only one of his parents was present at his initial appearance and that neither parent was served. *Id.* at 2.

Defendant appears to be mistaken in his recollection of his initial appearance. His mother was served with a copy of the Summons. Exhibit A of Commonwealth's Response to Defendant's Motion to Vacate Convictions (Commonwealth's Response). The Record of Proceedings lists that Defendant's mother and father were present at his initial appearance on

November 25, 1988, at which the Commonwealth requested certification. Exhibit B of Commonwealth's Response. The matter was continued to December 21, 1988. *Id.* On December 1, 1988, a certification report was ordered, and the record of proceedings indicates that only Defendant and his mother were present. Record of Proceedings, 12/1/88. However, the Record of Proceedings for December 21, 1988, lists that Defendant's mother and father were both present at the certification hearing. Exhibit C of Commonwealth's Response.

Virginia Code § 16.1-263(D) excuses lack of notice if a juvenile defendant's parents voluntarily appear at the hearing. Also, in *Turner v. Commonwealth*, 216 Va. 666, 222 S.E.2d 517 (1966), the Virginia Supreme Court stated that:

> Unquestionably, the juvenile statutes of Virginia require written notice of a transfer hearing. But if the requirement that the notice be in writing is procedural rather than jurisdictional, *any departure from the requirement may be cured or waived by the appearance of proper and necessary parties and a failure to object to inadequacy of notice.* We believe the juvenile statutes themselves demonstrate the procedural nature of the written notice requirement.

*Id.* at 668, 222 S.E.2d at 519 (emphasis added). The Virginia Supreme Court also addressed this issue in *Roach v. Director, Dept. of Corrections*, 258 Va., 537, 522 S.E.2d 869 (1999). In that case, the Court stated that "any defect in the manner if notice to [the juvenile defendant's] mother was cured by her appearance at the hearing and the absence of any objection at the hearing to the adequacy of that notice." 258 Va. at 545, 522 S.E. 2d at 872.

The Court's records indicate that both of Defendant's parents were present at his initial appearance on November 25, 1988, and his December 21, 1988, certification hearing. As they were the proper and necessary parties, their appearance waived any alleged notice defects, and there is no indication of objections regarding the adequacy of notice. As such, the Court is unpersuaded by Defendant's arguments.

For the reasons stated above, it is the ruling of this Court that Defendant's Motion to Vacate Convictions is overruled.