COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference


ANTONIO FIGUEROA

                                                    MEMORANDUM OPINION* BY
v.         Record No. 0149-14-3              JUDGE STEPHEN R. McCULLOUGH
                                                    APRIL 7, 2015

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                              Bruce D. Albertson, Judge

            J. Ryan King (Cook Attorneys, PC, on briefs), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Antonio Figueroa challenges an order revoking the balance of his suspended sentence.

He argues that the trial court lacked the authority, on August 28, 2012, to extend his probation

and, therefore, could not revoke the remainder of his suspended sentence on December 31, 2013,

for violating the terms of his probation.  He also contends that the trial court did not have

jurisdiction over him on August 28, 2012 due to inadequate notice of the upcoming probation

revocation hearing.  This lack of notice, he argues, rendered the order void.  We disagree and

affirm.

                                       BACKGROUND

        On January 22, 2008, Figueroa was convicted of driving under the influence, third or

subsequent offense, in violation of Code § 18.2-266, and failure to stop at the scene of an

accident, in violation of Code § 46.2-894.  For driving under the influence, the court sentenced

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

him to serve three years' incarceration with two years and six months suspended. On the conviction for failure to stop, the court imposed and suspended a sentence of twelve months' incarceration. The court did not specify for how long the sentence would be suspended. The court ordered appellant to serve supervised probation for two years. Figueroa was released to supervised probation on June 28, 2008.

On May 10, 2011, a probation officer wrote to the court, asking it to extend appellant's term of probation indefinitely to ensure that appellant paid his court costs. On May 27, 2011, the court entered an order extending appellant's supervised probation until June 28, 2012.

Several years later, on July 23, 2012, the probation officer again asked the court for an indefinite extension of appellant's probation to ensure that appellant paid his court costs. The record reflects that, following a hearing on July 31, 2012, and by order dated August 28, 2012, the court extended appellant's probation "indefinitely until all court costs are paid in full." The record reveals no objection to this order.

Almost one year later, on July 29, 2013, the probation office informed the court that appellant had been arrested on three felony offenses and one misdemeanor. In response, appellant filed a motion to dismiss, arguing that his probation had expired on June 28, 2012, and that the court's order dated July 31, 2012, was invalid. He also argued that he did not receive reasonable notice of the July 31, 2012 proceeding. He argued that the court had "neither personal jurisdiction over [him] nor subject matter jurisdiction over the alleged violation."

At a hearing, appellant's probation officer testified that she called appellant on July 30, 2012, and informed him that a hearing was scheduled for the following day. She told him that he needed to be present and advised him that the court might extend his probation. According to the probation officer, appellant responded that he could not attend because he had to work.

- 2 -

Appellant did not recall this conversation. The trial court accepted the probation officer's testimony.

The trial court overruled appellant's motion to dismiss and revoked the balance of his previously suspended sentence by order dated December 31, 2013.

ANALYSIS

A trial court's decision to deny a motion to dismiss involves a purely legal determination. Therefore, we review its decision *de novo* on appeal. See Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007).

I. THE ORDER OF AUGUST 28, 2012, IS NOT VOID FOR LACK OF NOTICE.

We begin with appellant's second assignment of error, which challenges the validity of the notice given to him before the July 31, 2013 hearing. Figueroa points to Code § 19.2-304, which requires "reasonable notice" to both the defendant and the Commonwealth before a court revokes or modifies any condition of probation. He argues that oral notice the day before the hearing is not reasonable. Citing Mohamed v. Commonwealth, 56 Va. App. 95, 101, 691 S.E.2d 513, 516 (2010), appellant argues that a court must have "notice jurisdiction" as a prerequisite for a court's exercise of its jurisdiction. In appellant's view, notice means "effective notice." He argues that the notice here was ineffective and, therefore, the trial court acted without jurisdiction to extend his probation.

Generally, "a judgment in a criminal case cannot be attacked collaterally." Eagle, Star & British Dominions Ins. Co. v. Heller, 149 Va. 82, 100, 140 S.E. 314, 319 (1927). A void criminal judgment, however, may be set aside at any time, either on direct appeal or by collateral attack. Morse v. Commonwealth, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988). The existence of a legal error in a proceeding, however, does not ordinarily render that proceeding void. Robertson v. Commonwealth, 181 Va. 520, 536, 25 S.E.2d 352, 359 (1943) ("[A]

- 3 -

judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith.").

A judicial declaration that a proceeding is void is highly disruptive and exacts significant costs. It completely erases the effort and expense of the parties and of the court with respect to the proceeding in question. A declaration of voidness, which may come many years after an adjudication, also upsets settled expectations. Moreover, it may be difficult or impossible to reinitiate the proceedings when memories have faded or exhibits or court records have been lost or destroyed. Because of these significant costs and risks, the universe of defects that render a proceeding void, as opposed to voidable, is a small one.

"It is elementary that the purpose of notice in a criminal proceeding is to inform the accused of the charge against him and to afford him reasonable opportunity to prepare his defense." Turner v. Commonwealth, 216 Va. 666, 668, 222 S.E.2d 517, 519 (1976). A court cannot revoke a suspended sentence if the probationer has no notice or opportunity to be heard. See Cook v. Commonwealth, 211 Va. 290, 292-93, 176 S.E.2d 815, 817-18 (1970). Ordinarily, however, so long as a defendant receives actual notice of a proceeding, the defects in the form of the notice are procedural in nature, and an "'objection to a procedural defect must be timely made if it is to avail an accused when attacking his conviction.'" Turner, 216 Va. at 670, 222 S.E.2d at 520 (quoting Snyder v. Commonwealth, 202 Va. 1009, 1014, 121 S.E.2d 452, 456 (1961)); cf. Nelson v. Warden, 262 Va. 276, 285, 552 S.E.2d 73, 77 (2001) (holding that a defect in notice to parents did not render a juvenile proceeding void).[1] A litigant who received actual

---

[1] As a general proposition, in civil cases, defects in notice do not render those proceedings void. See, e.g., Zedan v. Westheim, 60 Va. App. 556, 579-80, 729 S.E.2d 785, 797 (2012) (failure to provide notice of tendering a final order of divorce did not render the order void); Hicks v. Mellis, 275 Va. 213, 219-20, 657 S.E.2d 142, 145-46 (2008) (a failure to notify a party in interest that the trial court was reinstating an action under Code § 8.01-335(B) rendered the order voidable rather than void ab initio). But see, e.g., Melanson v. Commonwealth, 261 Va. 178, 184, 539 S.E.2d 433, 435 (2001) (strict conformity with statutory notice is required for

- 4 -

notice of a hearing can take steps to protect his rights by, for example, objecting to the hearing or by moving to set aside the proceeding.

We also note that a defendant on probation or under a suspended sentence stands on different jurisdictional footing than other litigants. Such a defendant is already subject to the court's jurisdiction by virtue of his ongoing probation or his suspended sentence. See Reinemer v. Commonwealth, 16 Va. App. 462, 464, 431 S.E.2d 68, 70 (1993) (stating that a trial court's order discharging a defendant from probation "discharged him from the [trial] court's jurisdiction"); Grant v. Commonwealth, 223 Va. 680, 686, 292 S.E.2d 348, 351 (1982) (stating that a defendant who complies with the conditions of the suspension of his sentence may seek "an order of complete discharge" from the trial court to clarify that he is no longer "subject to [its] sentencing authority").

Significantly here, the court found that appellant had actual notice of the proceeding. We do not condone the probation officer's decision to notify appellant verbally, one day before the hearing, that he needed to appear before the court; however, appellant did receive actual notice. Therefore, the defect in notice did not render the court's August 28, 2012 order void. Instead, any defect in notice merely rendered the order voidable. Under Rule 1:1, that order became final within twenty-one days. Appellant took no steps, either at trial or on appeal, to challenge this order. Accordingly, it became final, and appellant's collateral attack is untimely.[2]

---

claims under the Virginia Tort Claims Act, which is in derogation of the Commonwealth's sovereign immunity).

[2] Appellant also argues that Code § 19.2-358 specifies what notice is due in a situation where a probationer has refused to pay costs. Verbal notice the day before the hearing does not conform to Code § 19.2-358. Appellant did not rely on or cite to that statute at trial. Rule 5A:18 bars any reliance on its provisions on appeal.

## II. APPELLANT MAY NOT COLLATERALLY ATTACK THE ORDER ENTERED ON AUGUST 28, 2012.

Appellant also argues that the court "erred by invoking its jurisdiction in reliance on the mistaken conclusion that the court had retained authority to retroactively extend probation after the probation and suspended sentence expired on June 28, 2012." For the reasons detailed in Mohamed, 56 Va. App. 95, 691 S.E.2d 513, we conclude that appellant's collateral attack on the order entered on August 28, 2012 is untimely. As we explained in Mohamed, lack of subject matter jurisdiction is a defect that renders a proceeding void, but trial courts have subject matter jurisdiction over matters of probation and revocation. Id. at 100, 691 S.E.2d at 515. Therefore, the trial court had subject matter jurisdiction to review appellant's probation. In contrast to a claim that a trial court lacks subject matter jurisdiction, which may be raised at any time, a challenge to a court's lack of authority to exercise that subject matter jurisdiction must be timely raised or it is waived. Id. at 101-02, 691 S.E.2d at 516. Appellant's challenge is not timely and, therefore, we will not entertain his collateral attack on an order that became final in 2012.

### CONCLUSION

We affirm the judgment of the trial court.

Affirmed.