COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


LAWRENCE DONAL HOWERTON, S/K/A
 LAWRENCE DONAL HOWERTON, JR.
                                      OPINION BY
v.    Record No. 1486-00-3          JUDGE G. STEVEN AGEE
                                      JULY 17, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                  James F. Ingram, Judge

        Phyllis Marie Mosby (Office of the Public
        Defender, on briefs), for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     In January and February, 1996, the appellant, Lawrence

Donal Howerton, Jr. (Howerton), a juvenile, was charged by

petition with murder and the use of a firearm in the commission

of murder.  On April 8, 1996, the Juvenile and Domestic

Relations Court for the City of Danville (JDR Court) transferred

these charges to the Circuit Court of the City of Danville where

Howerton was tried and convicted in a jury trial on July 23 and

24, 1996.  Subsequent appeals to this Court and the Supreme

Court of Virginia were denied, as were Howerton's petition for a

writ of habeas corpus to the Supreme Court and his motion to

that Court to vacate his convictions.

On April 21, 2000, Howerton filed with the Danville Circuit Court a motion to vacate void convictions for the murder and use of a firearm charges. Howerton alleged that the JDR Court did not have jurisdiction over him because his father never received proper notice, and the JDR Court failed to properly serve him with a copy of the petitions against him. He argued that his convictions were, therefore, void due to lack of jurisdiction of the JDR Court, thereby rendering the transfer to the circuit court and the resulting convictions void. In addition, Howerton argues that the failure of the JDR Court to follow requisite notification standards violated his right to due process of law. The circuit court denied Howerton's motion, and Howerton now appeals that decision. For the following reasons, we affirm the decision of the circuit court.

BACKGROUND

On January 28, 1996, the JDR Court petition was issued charging Howerton, age sixteen, with the murder of Anthony Spraggins, Jr. On the petition, the father's name and address are blank, but the name of Howerton's mother, Irma Jones, and her address are shown. On February 22, 1996, a second JDR Court petition charged Howerton with using a firearm in that same murder. The parental information shown on the second petition was identical to the murder petition.

On March 11, 1996, the JDR Court held a detention hearing on the murder and the firearm charges. The "Record of

-

Proceeding" for each charge shows as present "father" and "juvenile." The record for the murder charge also contains the following statement under "Findings of Court": "Defendant wants to retain attorney – parent (father) to notify the Court of attorney within ten days." A similar notation is written on the Record of Proceedings for the firearm charge.

The March 11, 1996 records, signed by the JDR judge on March 21, 1996, denote the next hearing date and time scheduled in this matter to be "April 1, 1996 – 12:00 p.m." Also on March 21, Howerton and his parents, Irma Jones and Lawrence Howerton, completed and signed a form entitled, "Financial Statement – Eligibility Determination for Indigent Defense Services." The family also completed a form entitled, "Request for Representation By A Lawyer" and the JDR Court appointed Public Defender Phyllis Mosby as counsel.

On March 14, 1996, the Commonwealth filed a notice of motion to transfer that was "mailed or delivered" to Howerton and his mother. On March 25, 1996, the JDR Court granted defense counsel's motion for a continuance to April 8, 1996. Howerton and his mother were each personally served with a summons to appear at the April 8, 1996 hearing, but the summons does not indicate the petition was attached.

On April 8, 1996, the JDR Court held a transfer hearing on both charges, and ordered the matters transferred to the circuit court for Howerton to be tried as an adult. A

-

"Transfer/Retention Order" for each charge and the two accompanying "Record of Proceedings" indicate that the "father", "mother" and "juvenile" were all present.

Howerton was tried and convicted of both charges in a two-day jury trial on July 23 and 24, 1996.  On August 29, 1996, Howerton was sentenced to serve a total of thirty-three years incarceration for murder and three years incarceration for the use of a firearm in the commission of a murder.

At no time before or during his trial or at sentencing did Howerton challenge the circuit court's jurisdiction for any of the reasons he now raises in this appeal.  On April 21, 2000, Howerton, pro se, filed a motion to vacate void convictions in the circuit court, alleging the contentions now before us. Howerton attached to his motion affidavits from his biological father and mother.  His father's affidavit states, inter alia:

> On or about March 21, 1996, Mrs. Howerton and I appeared before the Juvenile and Domestic Relations District Court and signed a document captioned Financial Statement – Eligibility Determination for Indigent Defense Services, verifying that we were unable to afford the services of a retained lawyer for Howerton, Jr., on said charges . . . .  I did not ever again appear before any court of law with respect to the crimes allegedly committed by Howerton, Jr.

The affidavit further states that the father was never personally served with a summons and a petition informing him of the charges against his son and the time, date and place of the hearings on those charges.

-

Howerton's mother's affidavit states, in relevant part, that:

> On or about April 8, 1996, the Juvenile and Domestic Relations District Court conducted a hearing to determine whether it should retain jurisdiction over my son's charges or certify him to the Circuit Court of Danville, Virginia, to be tried as an adult. Mr. Howerton, Sr., was not present at that hearing; instead Lloyd Jefferies, who is my current husband, attended that hearing with me. Howerton, Sr., did not attend my son's hearing or trial.

Howerton did not request a hearing on his motion, and none occurred. On June 2, 2000, the circuit court judge entered a written order in which he held:

> For reasons appearing to the Court and after due consideration and review of the written motion which was filed in the Circuit Court Clerk's office on April 21, 2000 to vacate convictions, the response and the argument presented, the Court's record in said case indicates the father was present and had notice of the charges. As a result, there is no due process violation and the petitioner is not entitled to the relief sought. The said motion is hereby dismissed.

## ANALYSIS

### A. Jurisdiction

Code § 16.1-263(A) states that "[a]fter a petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if the child is twelve or more years of age, and another to the parents . . . ." Code § 16.1-263(B) further provides that "[a] copy of the petition shall accompany

-

each summons for the initial proceedings.  Notice of subsequent proceedings shall be provided to all parties in interest."  Howerton argues on appeal that neither his father nor he was served with copies of the petitions and, therefore, his convictions must be vacated due to noncompliance.  Under the circumstances of this case, we disagree.

### 1. Father's Notification

"We have held that 'compliance with [Code § 16.1-263] relating to procedures for instituting proceedings against juveniles, [is] mandatory and jurisdictional.  The failure to strictly follow the notice procedures contained in the Code [deny the defendant] a substantive right.'"  Weese v. Commonwealth, 30 Va. App. 484, 489, 517 S.E.2d 740, 743 (1999) (quoting Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc)).  We have also held that where a JDR Court conducts a delinquency proceeding without notifying the parents or certifying that notice cannot reasonably be obtained, a conviction order resulting from the proceedings is void.  See Baker v. Commonwealth, 28 Va. App. 306, 315, 504 S.E.2d 394, 399 (1998), aff'd per curiam, 258 Va. 1, 517 S.E.2d 219 (1999).

Furthermore, where the void juvenile court order purports to transfer jurisdiction over the juvenile to a circuit court, the circuit court does not acquire jurisdiction and the resulting conviction orders are void, unless the necessary

-

parties have waived the defect or the defect has been otherwise corrected. See e.g., Baker, 28 Va. App. at 313, 504 S.E.2d at 398; Karim, 22 Va. App. at 779-80, 473 S.E.2d at 108-09. Based on these holdings and citing his parents' affidavits, Howerton argues that his convictions must be overturned because his father was not served with a summons and a copy of the petition nor was the father notified of subsequent proceedings. We disagree.

On the issue of service upon Howerton's father, we agree that the record fails to show that the mandatory service required by Code § 16.1-263(A) was made. However, failure to comply with this requirement does not preclude the JDR Court from obtaining jurisdiction. The version of Code § 16.1-263(D) then in effect permitted a party other than the juvenile to waive service of the summons by voluntary appearance at the hearing. Here, the record reflects that at the initial detention hearing, Howerton's "father" was present and informed the court that he wished to obtain an attorney for his son.

A court speaks through its orders, and we presume that these orders accurately reflect what transpired. Waterfront Marine Constr., Inc. v. North End 49ers, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996); Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979), cert. denied, 445 U.S. 972 (1980). The burden is on the party alleging an irregularity in a court proceeding to show affirmatively from the record that

-

the irregularity exists.  Hagood v. Commonwealth, 157 Va. 918, 929, 162 S.E. 10, 13 (1932).  Howerton has not met this burden.

The record shows the JDR Court referring to the father as the one who informed the court at the initial proceeding that he wished to obtain an attorney for Howerton.  This record was not challenged until years after the conviction, and it was not challenged by showing flaws in the record but rather by submitted affidavits that do not explain why the court would have erroneously thought the father was present at the hearing on March 11, 1996.  Finding Howerton's burden is not met, we presume the record is correct and the failure of the court to serve a summons and petition on the father is waived pursuant to former Code § 16.1-263(D) by father's appearance.

In regards to the father being given notice of the transfer hearing pursuant to subsection B, we find the father was notified on March 21, 1996 of the April 1, 1996 hearing.  The father admits he was present in court on March 21 to make arrangements for appointed counsel.  The court's records from that day show that counsel was appointed at that time and the April 1 date was denoted.

The April 1, 1996 hearing, however, was continued until April 8, 1996 on the motion of defense counsel.  Nothing in the record indicates that the father had written notice of this new date.  Yet, in Roach v. Director, Department of Corrections, 258

-

Va. 537, 522 S.E.2d 869 (1999), the Supreme Court of Virginia
held

> that when a parent had actual notice of a
> transfer hearing, any departure from the
> statutory requirement of written notice was
> a procedural, rather than a jurisdictional,
> defect that "may be cured or waived by the
> appearance of proper and necessary parties
> and a failure to object to inadequacy of
> notice."

Id. at 545, 522 S.E.2d at 873 (quoting Turner v. Commonwealth,

216 Va. 666, 668, 222 S.E.2d 517, 519 (1976)).  The record

indicates that the father was present at the continued April 8,

1996 transfer hearing and, therefore, he had actual notice.  His

voluntary appearance waived any notice defect.

Thus, any defect in the manner of notice to Howerton's

father was cured by his appearances at the hearings, denoted in

the court records, and the absence of any objection at the

hearing to the adequacy of that notice.  See id.

While Howerton now challenges the record on appeal,

claiming his father was not in fact present, he has not

convinced us that the record reflecting his father's presence is

wrong and we must presume the transfer order accurately reflects

what transpired that day.  See Stamper, 220 Va. at 280-81, 257

S.E.2d at 822 (where a defendant does not object to the accuracy

of an order within 21 days after its entry, an appellate court

may "presume that the order, as the final pronouncement on the

-

subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.").

Under these circumstances, the lack of service and written notice on Howerton's father did not prevent the JDR Court from obtaining subject matter jurisdiction to transfer the matter to circuit court for Howerton to be tried and convicted as an adult.

2. Service on the Juvenile

Howerton also contends he was never served with copies of the petitions filed against him, as required by Code § 16.1-263, and, therefore, the JDR Court lacked jurisdiction to transfer his case to the circuit court. He argues that the trial court was required to vacate his convictions due to this noncompliance. In support of his argument, Howerton cites our holding that compliance with Code § 16.1-263 is "mandatory and jurisdictional". See Baker at 310, 504 S.E.2d at 396; Karim at 779, 473 S.E.2d at 108-09. While we agree that the record does not show actual service of the petitions (as opposed to the summons, which discloses proof of service) on Howerton, we disagree with his conclusion that such noncompliance mandates the vacating of his convictions.

Our holding that compliance with Code § 16.1-263 is "mandatory and jurisdictional" means the JDR Court must notify the parents and the juvenile that petitions have been filed with the JDR Court against the juvenile. This notice requirement is

-

mandatory and jurisdictional.  Undisputedly, Howerton was served with the summonses requiring his appearances in the JDR court. The fact that the petitions may not have been attached is a procedural, not a jurisdictional, defect that did not affect Howerton's substantive rights.  The requirement that the juvenile be served with the petition(s) is not a provision created by the legislature to protect juvenile defendants, but, rather, is the same requirement that is provided for any criminal defendant generally.  See Code § 19.2-75.

The Supreme Court of Virginia has held that the requirement of providing a criminal defendant with a copy of a criminal process is to inform the alleged offender of the specific charge(s) made against him so that he may intelligently prepare his defense.  Dorchincoz v. Commonwealth, 191 Va. 33, 59 S.E.2d 863 (1950).  Failure by the Commonwealth to comply, however, is not reversible error unless it affirmatively appears that the defendant was prejudiced thereby.  Id. at 36, 59 S.E.2d at 864. Compliance is not jurisdictional and any objection to noncompliance is waived unless raised at trial.  Rose v. Commonwealth, 189 Va. 771, 55 S.E.2d 33 (1949).

Upon a review of the record, it is clear that Howerton did not raise this objection at trial, but, instead, waited four years after the trial.  In addition, it is clear that Howerton was not prejudiced by the failure of the Commonwealth to comply with the service requirement.  Evidenced by the record, the JDR

-

Court provided Howerton and his attorney with the information contained in the petitions, allowing them to intelligently prepare Howerton's defense. First, on March 11, 1996, pursuant to Code § 16.1-250, a detention hearing was held and nothing in the record negates the presumption that the proceeding was properly held. Therefore, we assume the presiding judge informed Howerton of the "contents of the petition[s]," as required by Code § 16.1-250(D). See id. Secondly, on March 21, 1996, court-appointed counsel was provided with the details of the petition, as evidenced by the promptly-filed motion for a continuance referring to the specific charges pending against Howerton.

Finding no prejudicial effect caused by noncompliance with Code § 16.1-263 and based upon Howerton's failure to object in a timely fashion, we hold that the trial court correctly denied the motion to vacate on this ground.

### B. DUE PROCESS

Finally, Howerton alleges the trial court erred when it overruled his motion to vacate based on his contention that his constitutional due process rights were violated by the JDR Court's failure to strictly follow the notification requirements of Code § 16.1-263. Howerton bases this argument on his father's lack of requisite notice.

As previously stated, we find any defect arising from failure to follow the notice requirements as to the father was

-

cured by his presence at the various court proceedings in the JDR Court. Finding the notice errors cured, we hold no due process violation occurred.

In addition, we find no violation of due process as it pertains to notice to Howerton. In order to satisfy constitutional due process requirements, the court must notify the juvenile or his attorney prior to the hearing of the nature of the charges against the juvenile and when and where the petition and charges are to be heard.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. The notice must be of such a nature as reasonably to convey the required information.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950) (citations omitted). As the previous discussion demonstrates, Howerton and his attorney were notified of the pending action, the date of the transfer hearing and the specific charges involved. We, therefore, find no due process violation.

The circuit court's denial of the motion to vacate void convictions is hereby affirmed.

Affirmed.

-