COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Haley


LEROY CLYBURN, JR.

                                                   MEMORANDUM OPINION[*] BY

v.        Record No. 0134-05-1               JUDGE D. ARTHUR KELSEY
                                                       NOVEMBER 1, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

(Stephen A. Hudgins, on brief), for appellant. Appellant
submitting on brief.

(Judith Williams Jagdmann, Attorney General; Kathleen B. Martin,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


The trial court convicted Leroy Clyburn, Jr., of carjacking and abduction. Clyburn argues for the first time on appeal that both convictions should be vacated because the trial court failed to arraign him on these charges. We disagree and affirm.

"The maxim that 'trial courts speak only through their orders and that such orders are presumed to reflect accurately what transpired' is the well-established law of this Commonwealth." Rose v. Commonwealth, 265 Va. 430, 435 n.2, 578 S.E.2d 758, 761 n.2 (2003) (quoting McMillion v. Dryvit Sys., Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001)). Even so, "we are not restricted to the precise, technical wording of a court's order when other evidence in the record clearly establishes that the court had a different intent." McBride v. Commonwealth, 24 Va. App. 30, 36, 480 S.E.2d 126, 129 (1997) (citing Guba v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 764, 767 (1989)). "The burden is on the party

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

alleging an irregularity in a court proceeding to show affirmatively from the record that the irregularity exists." Howerton v. Commonwealth, 36 Va. App. 205, 212, 548 S.E.2d 914, 917 (2001).

In this case, the final orders state that Clyburn was arraigned on the carjacking and abduction indictments and pled not guilty to both. We presume this to be true. Clyburn attempts to rebut this presumption by pointing out that the trial transcript reflects his arraignment on three other charges (including two on which he was later acquitted), but does not mention his carjacking and abduction charges. It is not at all clear, however, that this transcript begins at the beginning. It instead appears to start in the middle of the multi-charge arraignment process. Trial transcripts ordinarily commence with some prefatory entry — like one noting that the court reporter was sworn, or that the case was called from the docket, or that the court confirmed the defendant was present and ready to proceed. The sentencing transcript in Clyburn's case, for example, includes each of these entries.

At most, Clyburn has shown that the trial transcript may be incomplete. He has not shown that the transcript refutes the veracity of the final orders. As the Virginia Supreme Court said in an analogous context, "we presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired." Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979); see also Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986).

For these reasons, we affirm Clyburn's convictions for carjacking and abduction.[1]

Affirmed.

---

[1] Because of our holding, we need not address the Commonwealth's argument that Rule 5A:18 bars Clyburn's appeal. Nor do we address Clyburn's assertion that the failure to arraign constitutes a jurisdictional defect outside the reach of Rule 5A:18's procedural default principle. The unrebutted presumption that Clyburn was properly arraigned renders both of these issues unnecessary to decide.