COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


HENRY JOHNSON LUCAS, JR.

MEMORANDUM OPINION* BY
v.       Record No. 2602-07-4            JUDGE WILLIAM G. PETTY
                                          APRIL 21, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
J. Howe Brown, Jr., Judge Designate

Christian A. Brashear for appellant.

Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Appellant, Henry Johnson Lucas, Jr., appeals his conviction for grand larceny, in violation

of Code § 18.2-95, on the grounds that the trial court "err[ed] in allowing the amendment of an

indictment on the third day of trial from [Code §] 18.2-95 to [Code §] 18.2-98." Because the record

does not reflect any amendment to the indictment, we find no error and affirm Lucas' conviction.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view those facts and incidents "in the light most favorable to the Commonwealth,

the party prevailing below, giving it all reasonable inferences fairly deducible from the

evidence." Bowling v. Commonwealth, 51 Va. App. 102, 104, 654 S.E.2d 354, 355 (2007)

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(citing Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993)). Mr. Lucas and the victim in this case were married on August 8, 2005 and separated on December 10, 2005. The parties had an acrimonious relationship, and Lucas continued to abuse his wife after their separation.[1]

During the marriage, in October 2005, the victim opened a savings account in her name alone. She opened the account using money that she had received by refinancing her home. The victim was able to access the account online, using a password that she did not provide to Lucas. By Lucas' own admission, he installed a software program onto the victim's home computer that allowed him to record everything she did on that computer. Using the victim's online banking password that he had obtained in this manner, Lucas electronically transferred $4,700 from the victim's savings account into their joint checking account on February 6, 2006. He then wrote himself a check for $6,500 from the checking account.

Based on these facts, Lucas was indicted for one count of grand larceny. The indictment stated, in pertinent part:

> Henry Johnson Lucas, Jr. on or about the 6th day of February 2006, and in the said County, did unlawfully and feloniously, steal property, to-wit: $4700.00 from Savings, with a value of $200.00 or more belonging to [victim], with the intent to permanently deprive the said owner of said property, in violation of § 18.2-95 of the 1950 Code of Virginia, against the peace and dignity of the Commonwealth.

At the close of the Commonwealth's case-in-chief, Lucas moved to strike the grand larceny charge, reasoning that Code § 18.2-95 only applies to the taking of tangible property and therefore did not apply to the facts of this case. In response, the Commonwealth moved the court to reopen the prosecution's case pursuant to Code § 19.2-231 and to amend the indictment from

---

[1] The trial court also convicted Lucas of rape, forcible sodomy, abduction, credit card theft, and felony violation of a protective order, all involving the same victim and arising out of the same course of criminal conduct. These convictions are not part of this appeal.

Code § 18.2-95 to Code § 18.2-98.[2]  Over Lucas' objection, the trial court orally ruled that he would allow the amendment.  The trial court held that the amendment would not change the character of the offense, which was the "theft of money," and that the indictment as worded made Lucas aware of "what the charge was."

Lucas was not arraigned on the amended charge alleging a violation of Code § 18.2-98, nor did he request to be arraigned on it.  Lucas did not request a continuance to prepare a defense to the amended charge.  Moreover, although, the original indictment does show amendments to two other charges that were made at the Commonwealth's request before trial, the grand larceny count on the indictment itself was not altered in any way.

Following the discussion regarding amending the indictment, Lucas presented his case.  At the end of all the evidence, the trial court once again denied Lucas' motion to strike, and specifically found Lucas guilty of, among other things, "grand larceny."  Both the order of conviction and the sentencing order reflect that Lucas was convicted of grand larceny in violation of Code § 18.2-95.  At no time did Lucas object to his conviction under Code § 18.2-95, rather than Code § 18.2-98.

## II.

 "It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders," Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996), and "those orders are presumed to accurately reflect what transpired" at trial, McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997); accord Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979) ("[W]e presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by

---

[2] Code § 18.2-98 states, in pertinent part:  "If any person steal any . . . check . . . he shall be deemed guilty of larceny thereof, and receive the same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels. . . ."

omissions, accurately reflects what transpired."). This rebuttable presumption exists even when "an order conflicts with a transcript of related proceedings." Martilla v. City of Lynchburg, 33 Va. App. 592, 598, 535 S.E.2d 693, 696 (2000). In order to rebut this presumption, the "party alleging an irregularity" must "show affirmatively from the record that the irregularity exists." Howerton v. Commonwealth, 36 Va. App. 205, 212, 548 S.E.2d 914, 917 (2001).

Here, Lucas was indicted for grand larceny in violation of Code § 18.2-95. Although the Commonwealth moved to amend the charge to larceny by check in violation of Code § 18.2-98, and the trial court stated that it would allow the amendment, the indictment was never actually amended. When the trial court pronounced judgment from the bench, it found Lucas guilty of grand larceny, in violation of Code § 18.2-95. Further, the trial and conviction order, presentence report, sentencing guideline worksheet, and sentencing order all reflect a conviction of grand larceny. Both the trial court's final pronouncement of guilt and all of the written orders in this case, all of which were entered without Lucas' objection, indicate that the indictment was never amended. The charge for which Lucas was convicted remained the same charge for which he was originally indicted—grand larceny. Hence, the error Lucas complains of simply never occurred.

III.

Accordingly, we affirm Lucas' conviction.

Affirmed.

- 4 -